JOHN S. PRINCE

*vs.*

THE CITY OF ST. PAUL.

The authority purporting to be conferred upon the common council by the revised charter of the city of St. Paul, (*ch.* 26, *Sp. Laws* 1868) to exact the payment of a license from an insurance company, is taken away by *sec.* 28, *title* 3, *ch.* 1, *Laws* 1872, except so far as said *section* 28 is qualified by *section* 3, *title* 1, of the same chapter.

In August, 1872, the plaintiff in error, John S. Prince, was prosecuted, in the name of the city of St. Paul, before the city justice, for acting as an agent of a foreign fire insurance company within said city, without payment of license as required by ordinance passed by the common council of said city, under the revised charter of 1868.  He appeared, and for a plea to the complaint against him, alleged that the insurance company for which he was agent, and he the agent, had, in all things, complied with the act of the legislature of the state of Minnesota, approved Feb. 29, 1872, entitled, " an act to estab-

lish a reciprocal general insurance law for the state of Minnesota, and to revise and amend the laws of said state relating to home and foreign insurance companies," and that he was not by law required to obtain any license from the city of St. Paul. To this plea the city attorney interposed a demurrer, that the facts alleged were not sufficient to constitute a defense. The demurrer was sustained, and judgment rendered against the plaintiff in error, who removes the cause, by certiorari, to this court.

DAVIS & O'BRIEN and H. J. HORN, for Plaintiff in error.

WILLIS A. GORMAN, for Defendant in error.

*By the Court.*—BERRY, J.—The revised charter of the city of St. Paul (*ch.* 26, *Sp. Laws* 1868,) provides in *section* 3, of sub chapter 4, " that the common council of said city shall have authority by ordinances * * * to license and regulate * * * insurance officers and insurance agencies, * * provided, * * * that not less than five dollars, nor more than five hundred dollars shall be required to be paid for any license."

Whether these provisions of the charter are unconstitutional, as contended by plaintiff in error, we will not now enquire, since we agree with him that even if it be admitted that the authority, purporting to be conferred upon the common council, to exact payment for a license from an insurance company, was originally constitutional and valid, 'it has been taken away by *section* 28, *title* 3, *ch.* 1, *Laws* 1872, except so far as *section* 28 may be qualified by *section* 3, *title* 1, of the same chapter. Said *section* 28 reads as follows, viz.: " All insurance companies doing business in this state, under the provisions of this act, shall annually, at the time the certificate of authority

Prince v. The City of St. Paul.

is granted, pay the treasurer of state two per cent., on all premiums received in cash and other obligations, except what are denominated insurance deposit notes, representing dividends of the company, by their agents or attorneys in this state, during the year ending on the preceding thirty-first day of December, which sum shall be paid into the general revenue fund, and shall be in lieu of all other taxes or licenses to be collected from said companies in this state." The language " all other taxes or licenses to be collected from said companies in this state," could hardly be more comprehensive than it is, and in its plain, ordinary and natural signification, clearly embraces any license charge imposed under the city charter aforesaid. And as the percentage provided for is to " be in lieu of all other taxes or licenses, etc.," it takes the place of the same, that is to say, it supercedes them, so that the effect (irrespective of the qualification above referred to) is to deprive the common council of authority to require insurance companies to pay for licenses to transact insurance business in St. Paul. The counsel for the city contends, however, that section 28 (above cited) does not apply to or affect the authority conferred upon the common council in this matter of license, because by section 15 of the city charter it is enacted that " no law of this state contravening the provisions of this act shall be construed as repealing, amending or modifying the same, unless such purpose be expressly set forth in such law." So far as this is an attempt upon the part of the legislature by which section 15 was passed to impose a restraint upon the power of a future legislature to enact laws (no question of vested rights arising) it is of course nugatory, and notwithstanding the restraint thus attempted it would be entirely competent for such future legislature to pass a law sufficiently broad in its terms to accomplish the repeal or amendment of a provision of the charter of St. Paul, although the purpose

so to amend or repeal the particular provision is not expressly and particularly stated. And this is just what has been done in this ins tance. The legislature has, very properly, not deemed it necessary to refer specially and by name to each of the municipal charters in the state containing provisions like those of *section* 15, above cited, but has enacted, in broad and sweeping terms, that the percentage to be paid to the state treasurer, shall be in lieu of, that is to say, shall stand in the place of, and supercede *all other* taxes and *licenses* to be collected from said companies *in this state.* It seems to us that the purpose of the legislature to take away the authority of the common council in the premises, (except so far as such authority may have been preserved by section 3, title 1, aforesaid,) is clear and unmistakable.

Nor is this, as counsel seems to contend, a case of repeal by implication; for not only does section 28 provide that the percentage shall supercede *all* licenses (including of course any imposed under the city charter of St. Paul,) but *section* 5, *title* 6, of the same act in which *section* 28 is found (*ch.* 1, *Laws* 1872,) declares that " All acts and parts of acts and laws of this state, now in force, inconsistent or in conflict with the several provisions of this act, are hereby repealed." That any portion of the charter of St. Paul which authorizes the collection of a license charge from insurance companies, is inconsistent and in conflict with the enactment, that the percentage before mentioned shall be in lieu of *all other* licenses to be collected, etc., cannot be doubted. The repeal then is express except so far as it may be qualified by *section* 3, *title* 1, before cited. That qualification, whatever it may be, is of no importance in this case, since the facts necessary to bring the plaintiff in error within the terms of the same are not pleaded, and the judgment appealed from was rendered upon demurrer.

Judgment reversed.