BENJAMIN F. SANBORN *et al.*

*v.*

JAMES A. BENEDICT.

| 78 | 309 |
| 25a | 220 |
| 78 | 309 |
| 159 | 646 |
| 78 | 309 |
| 58a | 506 |
| 78 | 309 |
| 59a | 144 |
| 78 | 309 |
| 88a | 411 |

1. CONTRACT—*of sale of grain, to be delivered in future.* A contract between a farmer, engaged in raising corn, and a grain dealer, made whilst corn was growing in the field, whereby the farmer sold to the dealer a certain quantity of corn, at an agreed price, to be delivered when called for, the purchaser to give ten days' notice of the time he would call for it, and a part of the purchase money was paid at the time of making the contract, is an absolute sale of corn, to be delivered in the future, and not a contract for a future sale.

2. And in such a case, the purchaser is bound to give notice of his readiness to receive the corn within a reasonable time; and if he fails to do so, the seller may offer to deliver the corn without such notice, and the purchaser is bound to accept and pay the contract price for it.

3. GAMING CONTRACT — *where property sold is under the control of seller.* If a party has property under his control, he has a right to sell it, to be delivered at a future time, and it is not essential that the party making such sale should have the present possession of the property.

4. A contract, made when corn is growing in the field, for the sale of a certain amount of corn, at a stipulated price, to be delivered in the future, is not illegal, although the judgment of the parties as to the prospect of a corn crop may have controlled them, more or less, in making the contract.

5. TENDER. Where a party has sold and agreed to deliver two thousand bushels of corn, it is a sufficient tender if he has it ready to be delivered, and offers to deliver it, according to his contract, without carrying the whole amount of the corn with him when he makes the offer.

6. MEASURE OF DAMAGES. Where corn is to be delivered upon ten days' notice by the buyer that he is ready to receive it, and the buyer neglects to give such notice in a reasonable time, the seller may offer to deliver the corn without such notice, and demand the contract price, and if the buyer refuses to receive the corn and pay for it, the seller can recover from him the difference between the contract price and the market value of corn at the time of such offer to deliver, at the place where, by the contract, it should be delivered.

APPEAL from the Circuit Court of Winnebago county; the Hon. WILLIAM BROWN, Judge, presiding.

Mr. C. M. BRAZEE, for the appellants.

Messrs. WARNER & SUMNER, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The plaintiff, James A. Benedict, was a farmer, residing near Pecatonica, in Winnebago county, engaged in raising corn. The defendants, Benjamin F. and George W. Sanborn, and Thomas Mahaffey, are grain dealers in Pecatonica, having there a warehouse for the storage of grain. About the middle of June, 1872, the plaintiff and Benjamin F. Sanborn met in the village of Pecatonica, and had a conversation

about corn.  Plaintiff said he would sell corn at fifty cents
per bushel, and would contract for that.  Benjamin Sanborn
said he would take it, and notify him when he would call for
it; that he would give him ten days' notice.  Two thousand
bushels was the quantity, and the price fifty cents per bushel.
Sanborn then said, "60 pounds."  Plaintiff said, "No, 56,"
meaning the corn should weigh 56 pounds to the bushel.  To
this, Sanborn assented.  Plaintiff then said he wanted a little
money on the corn, and Sanborn paid him ten dollars.  There
was some talk about the prospect for corn that season, plaintiff
being confident there was time enough for a good crop, and
Sanborn doubtful.

On this contract, plaintiff brought an action of assumpsit,
in the Winnebago circuit court, alleging, in the first count of
his declaration, that, on the 5th of June, 1872, the defendants
bargained for and bought of the plaintiff, and the plaintiff
then and there sold to the defendants, two thousand bushels
of corn, of 56 pounds to the bushel, at the rate of fifty cents
per bushel, to be delivered at Pecatonica by the plaintiff to
the defendants within a period of ten days after defendants'
request, and to be paid for by the defendants to the plaintiff
on the delivery thereof; and, in consideration thereof, and
that the plaintiff had then and there promised to deliver the
corn to the defendants in the time and at the place aforesaid,
the defendants promised the plaintiff to accept the same of
and from the plaintiff, and to pay him for the same on the
delivery thereof; and, although the plaintiff afterwards, and
at divers times after making this contract, to-wit: on the 1st
day of June, 1873, at Pecatonica, was ready and willing, and
then and there tendered and offered to deliver the corn, and
then and there requested the defendants to accept the same
and pay him therefor, the defendants would not accept or
pay, but wholly refused, etc., by means whereof the defend-
ants became liable to pay the plaintiff one thousand dollars.

The second count is the same as the first, with this excep-
tion:  To be delivered at Pecatonica by the plaintiff to the

defendants, but at no definite or specified time, by means whereof defendants became liable to accept the corn within a reasonable time thereafter, defendants agreeing to pay for the corn on delivery, in consideration of which, and that plaintiff had then and there promised to deliver the same at the place and in the time, etc., defendants promised to accept the same and pay him therefor; and, although the plaintiff, at divers times thereafter, and on the 1st day of June, 1873, being such reasonable time, at Pecatonica, was ready and willing, and then and there tendered and offered to deliver, and requested defendants to accept the corn and pay for the same, they did not nor would accept and pay for the same, whereby they have become liable to pay plaintiff one thousand dollars.

The third count is the same, with this exception as to delivery: To be delivered at Pecatonica, at any time within ten days after demand by defendants, and to be paid for on delivery, and, by the terms of said contract, no definite and specific time being fixed for the delivery, defendants became legally bound to demand and accept the corn within a reasonable time thereafter, to-wit: within the period of one year from the making of the contract; and in consideration thereof, and that plaintiff had promised to deliver the corn at the place and in the time, etc., the defendants promised to accept and demand the corn, and to pay for the same on its delivery; and, although the plaintiff afterwards, and at divers times after the making of the promise by defendants, and on June 1, 1873, being such reasonable time, and at other times prior thereto, at Pecatonica, was ready and willing, and then and there tendered and offered to deliver the corn to defendants, and requested them to accept and pay for the same, yet the defendants did not, nor would at the said time, etc., accept or demand the corn, but neglected and refused so to do, by means whereof the defendants then and there became liable to pay plaintiff one thousand dollars.

It is unnecessary to notice the fourth and fifth counts, as they were the common counts.

The contract, as above set out, was substantially proved on the trial before a jury, and the court, at the instance of the plaintiff, gave these instructions:

" The court instructs the jury that, when a contract is made, to be performed at a certain place, but at no definite time, the law implies that it is to be performed within a reasonable time.

" That if the jury believe, from the evidence in this case, that the defendants contracted with the plaintiff for the purchase of corn, as in the plaintiff's declaration is alleged and set forth, that it then became, and was, the duty of the defendants, within a reasonable time after the making of such contract, to notify the plaintiff of the time they wanted the corn delivered; but if the defendants did not so notify the plaintiff within such reasonable time, that the said plaintiff, after such reasonable time had elapsed, had a right to demand of the defendants that they receive said corn and pay him therefor; and if the jury believe, from the evidence, that such contract was made on or about the middle of June, 1872, and that, by the terms thereof, no time for the delivery was agreed upon, but that the defendants were to give the plaintiff notice of when the defendants desired it to be delivered, and that the plaintiff was to have ten days after such notice in which to deliver the same; and if the defendants failed to so notify the plaintiff within a reasonable time, and never notified the plaintiff, and if the jury also further believe, from the evidence, that, upon various occasions in the month of May, 1873, the plaintiff was ready, able and willing, and offered to deliver the corn in question to the defendants, and was prevented from delivering the same by the defendants' refusal to receive it, or fix a time when the plaintiff might or should deliver the same, then, in such case, the plaintiff is entitled to recover for such breach of the contract.

314      SANBORN *et al. v.* BENEDICT.      [Sept. T.

Opinion of the Court.

" The court instructs the jury that if they believe, from the evidence in this case, that the defendants contracted with the plaintiff for the purchase of corn, as in the plaintiff's declaration alleged, and to be delivered to the defendants upon their giving the plaintiff ten days' notice of the time they, the defendants, desired its delivery, that it became the duty of defendants, within a reasonable time thereafter, to call for the delivery of said corn; and if they further believe, from the evidence, that the defendants at no time prior to the commencement of this suit ever notified the plaintiff of their readiness to receive said corn; and if they further believe, from the evidence, that, upon several occasions in the month of May, 1873, the plaintiff offered to deliver the said corn, and was ready and willing to deliver the same, and was prevented from delivering the same by the refusal of the defendants to permit the plaintiff to so deliver said corn, that such time was a reasonable time for the plaintiff to hold himself in readiness to deliver the corn upon ten days' notice, and that he had a right to demand that the defendants should receive the said corn; and if they further believe, from the evidence, that the plaintiff did, in the month of May, 1873, upon various occasions, request the defendants that they receive the same, and that the plaintiff was ready and willing, and able to deliver said corn; and if they further believe, from the evidence, that the defendants refused to receive the same, and that the defendants have never, prior to the commencement of this suit, notified the plaintiff of their readiness to accept the corn, it is such an unreasonable delay, on the part of said defendants, as to entitle the plaintiff to maintain this suit.

" That if, in this case, the jury find for the plantiff, they will assess the plaintiff's damages at the difference between the contract price of the corn in question and the price and value of corn in Pecatonica, where the corn was to be delivered, at the date of the breach of contract, if the jury believe,

from the evidence, that there has been a breach of said contract."

There was a verdict for the plaintiff, and the damages assessed at two hundred eighty-seven dollars and fifty cents, for which the court rendered a judgment, denying to defendants a new trial. The defendants appeal, and have assigned the usual errors.

The stress of the argument is on the instructions given for the plaintiff, and on the refusal to give those asked by the defendants. A point is made that the verdict is contrary to the evidence, appellant insisting the contract alleged was a transaction for the absolute sale of corn, and not a contract for a future sale, and, as plaintiff had not the two thousand bushels on hand, he perpetrated a fraud upon the defendants, and, therefore, should not recover.

Appellants are right in supposing this was an absolute sale of the corn, but all the testimony shows it was for future delivery, the time thereof to be determined by the defendants. Appellee was bound to deliver after ten days' notice. That it was a sale, is conclusively shown by the fact the purchasers paid ten dollars, at the time of making the contract, " to bind the bargain."

To say a man perpetrates a fraud by contracting to sell that which he has not in present possession, is saying too much, and, if admitted, would put a stop to much of the trade and commerce of the country.

But the fact is, appellee had the control of that quantity of corn at all times after making the contract, as he testifies, and he is not contradicted. Appellants say there was no tender of the corn. It is not a very easy matter for one to carry with him two thousand bushels of corn to tender to his purchaser. It is sufficient if he has the corn ready to be delivered, and offers to deliver it. It is proved, appellee, on several occasions after making the contract, and before June, 1873, had several loads of corn at Pecatonica, and offered

them to defendants on the contract, and they refused to receive them, or any part of them. Had they accepted, it was but a small matter to drive the teams to defendants' warehouse and unload. The corn was then in plaintiff's wagons. There is no ground for saying that plaintiff was not at all times ready and willing, and able, to deliver the corn after ten days' notice. A promise for a promise is a good consideration. *Funk* v. *Hough*, 29 Ill. 145.

Appellants contend the plaintiff could not recover on this contract until the defendants had exercised their option, and made a demand for the corn. They had their "option" when they would demand the corn, and plaintiff had ten days after demand in which to deliver it.

This is so, undoubtedly, though it is not proved anything was said about an "option." The contract was, the corn was to be delivered on ten days' notice, and paid for on delivery. This, like all *bona fide* contracts, has two sides—the vendor on one, the purchaser on the other side. They are equally affected by its terms. Had notice been given and the delivery made by plaintiff, there can be no doubt he would be entitled to the price agreed upon. Had he failed to deliver, he would be liable for all damages. Assuming defendants were to declare their option, there being no fixed time within which it was to be done, the law implies it should be done in a reasonable time. To hold otherwise, would make the contract unilateral—binding the seller, but not the purchaser, as he might never exercise his option. Had the price of corn advanced in the market of Pecatonica, can there be a doubt defendants would have given the notice, and had plaintiff failed to deliver, that he would have been bound to pay the difference? There can be no dispute about this. Then, if corn had declined, and no notice given, had not the plaintiff a right, after waiting a reasonable time for notice, to offer to deliver? We think this is clear, and his damages would be measured by the market price of corn at the same place where offered to be delivered.

This disposes of the objection made by appellants to the admission of testimony, on behalf of plaintiff, showing the price of corn at Pecatonica, in May and June, 1873.

The instructions given for the plaintiff are in harmony with the views herein expressed, and are unexceptionable. As to the instructions asked by the defendants, they being opposed to those given for the plaintiff, were properly refused.

The objection that this was a gaming contract, and should not be enforced, has no force. Plaintiff had under his control, when he made this contract, the quantity of corn defendants bargained for, and he had a right to contract to sell it, to be delivered at a future day.

The contract was made when corn was growing in the field, and the judgment of the parties on the prospect of a crop controlled them, more or less, in making the contract. We can not perceive any illegality in it, and are of opinion, in the verdict and judgment, justice has been done, and the judgment must be affirmed.

*Judgment affirmed.*