## PETER THURMAN

### v.

## PETER B. S. WILSON.

CONTRACT OF SALE—BREACH—MEASURE OF DAMAGES.—The measure of damages for a failure by the vendee to receive personal property sold, is the difference between the contract price and the fair market value of the property at the time and place of delivery. The vendor, upon a failure of the vendee to take the property, cannot keep it to await a rise in the market, and charge the vendee with the expense of such keeping, if at the time of delivery there is a market price and sale for the commodity.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding. Opinion filed December 4, 1880.

This action was commenced by appellee against appellant, to recover damages for a failure to comply with a contract for sale of hogs. On appeal to the circuit court the appellee recovered a judgment, and appellant brings the case here by appeal.

It is claimed by the appellee that he sold the appellant

Thurman v. Wilson.

thirty-four head of hogs at four cents per pound, and was to deliver them at a certain time to the appellant, in the town of St. Augustine, a distance of six miles from his home.  That he drove the hogs to the place of delivery at the time agreed upon, when the appellant refused to receive and pay for them, and it being very muddy, he could not well drive them home, and was obliged to keep them in St. Augustine for some ten days before he sold them, and that in the meantime he fed them 100 bushels of corn, and that his time and trouble in caring for them, with the value of the corn, was $100.  The hogs also shrunk in weight about 800 pounds.

The appellee claimed, and did recover, these items of damages from the appellant.

The court, at the instance of the appellee, gave the following instruction to the jury upon the measure of damages:

And in arriving at what the damage was, the jury should take the contract price, add to the necessary expense, if any, attending the keeping of said hogs, and from said sum take the amount that might have been received by the plaintiff for the hogs, by using his best endeavor.  The difference is the damage, and from the time such difference ought to have been paid, allow six per cent. interest."

Mr. F. S. MURPHY, for appellant; that a continuance on the ground of the absence of a material witness is a matter of right, when the motion therefor is properly presented, cited Cole v. Choteau, 18 Ill. 439.

As to the measure of damages: Phelps v. McGee, 18 Ill. 155; Ullmann v. Kent, 60 Ill. 271; Sanborn v. Benedict, 78 Ill. 309; Hayes v. Moynihan, 52 Ill. 423; Tiernan v. Granger, 65 Ill. 351; Foos v. Sabin, 84 Ill. 565; Sedgwick on Damages, 313.

If the market value on the day and place of delivery was the same as the contract price, then only nominal damages could be recovered: Allen v. Jarvis, 20 Conn. 38; Williams v. Jones, 1 Bush, 621; Dana v. Fielder, 2 Kern. 41; Haskell v. McHenry, 4 Cal. 411; Whitmore v. Coats, 14 Mo. 9; Orr v. Bigelow, 14 N. Y. 556; Balentine v. Robinson, 46 Pa. 179.

Messrs. McKenzie & Calkins, for appellee; that if necessary matter be omitted from an affidavit for a continuance, the omission will be construed most strongly against the mover, cited Hilliard v. Walker, 11 Ill. 644; Moody v. The People, 20 Ill. 319; Shook v. Thomas, 21 Ill. 87; Richardson v. The People, 31 Ill. 170; Shirwin v. The People, 69 Ill. 55; Freeman v. Tinsley, 50 Ill. 497.

The true measure of damages was adopted: Kitzinger v. Sanborn, 70 Ill. 146.

PILLSBURY, J. It appears from the plaintiff's own testimony before the jury, that there was a market price for the hogs in St. Augustine on the day he tendered the hogs to the appellant; that there were other hog-buyers there, but as the price had fallen in Chicago, they would not give him his price, which was four cents. The plaintiff, however, failed to state or show what that market price was; he was therefore only entitled under the law to recover nominal damages.

The instruction given to the jury at the instance of the plaintiff was erroneous, as the measure of damages for a failure to receive personal property is the difference between the contract price and the fair market value of the property at the time and place of delivery. Phelps v. McGee, 18 Ill. 158; Sanborn v. Benedict, 78 Ill. 309; Foos v. Sabin, 84 Ill. 565.

There is no doubt from the evidence that had the appellee seen proper to take the market price on the day he was to deliver them, he could have sold them, as there was a market price for them, and if he preferred to keep them to await a rise in the market, he cannot charge the appellant with the costs and expenses of keeping them.

We see nothing in the case that takes it out of the ordinary rule prescribing the measure of damages in cases of this character.

The judgment will be reversed and the cause remanded.

Reversed and remanded.