HENRY WICHERT

v.

R. W. STAFFORD.

*Sales—Contract for Future Delivery—Time—Enlargement of—Default of Vendee—Conflict of Evidence—Instructions.*

1. Where the evidence is sharply conflicting great accuracy in the instructions is required.

2. Where, under a contract for the sale of goods to be delivered within a certain time, the vendee directs the vendor not to deliver them until ordered, and the latter acts on such direction, the time fixed is enlarged to a reasonable time in which to perform the contract. The vendee can not then be put in default unless he refuses to receive the goods on a tender of delivery within a reasonable time, and the vendor, in order to recover, must show an ability to perform and an offer or tender of performance within such reasonable time.

[Opinion filed January 18, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Messrs. BYAM, PARKHURST & WEINSCHENK, for appellant.

Mr. J. V. LeMOYNE, for appellee.

MORAN, P. J.   This action was brought by appellee against appellant to recover damages for a failure to receive and pay for pickles, under the following contract:

"CHICAGO, 10—2—1884.

"I, R. W. Stafford, agree to deliver Henry Wichert, at his place of business, one hundred and thirty-five (135) bbls. medium pickles at $4.25, and sixty-five bbls. small pickles at $5.25, and forty bbls. gherkins at $6.25 per bbl., less three per cent., to be delivered in lots as wanted up to December 15, 1884, and paid for before above date.

"Accepted:

"R. W. STAFFORD,
"HENRY WICHERT,
"Per SERGAL."

There was a trial before a jury and a verdict in favor of appellee. On the trial appellee introduced evidence tending to show that he had asked appellant to take pickles under the contract, and that he had sent pickles to appellant's store to be delivered on the contract, but that appellant had sent them back, saying he had not room for them and had requested appellee not to send him any more pickles till he ordered them, and that appellee did not send any more, but that on the last day of the contract he went to appellant's store and said to the person, who was in charge and acting for appellant, that he could deliver the pickles that day if they wanted them.

Appellant's evidence was in conflict with that of appellee on both these points. Appellee also offered evidence tending to show that he had all the pickles called for by the contract on hand or under his control, and ready to deliver to appellant on the last day of the contract, if he should call for them.

The court gave to the jury, at the request of appellant, the following instruction:

"If the jury believe from the evidence in this case that the parties made the contract of date the 11th day of September, 1884, and introduced in evidence in this case, and that the plaintiff was able to furnish and offered to furnish to the defendant, at or within the time called for by said contract the pickles therein described, and that the defendant refused to take said pickles, or any portion of them, and to pay for the same according to the terms of said contract, then the jury are instructed that the plaintiff is entitled to recover, and the measure of his damages is the difference between the contract price of said pickles not taken, and the market price of pickles of the same grade and quality as called for by the contract on the first day of December, 1884, less two per cent. discount, with the interest thereon from that date at six per cent. per year, and if the jury believe from the evidence that the defendant, or some one authorized to act for him in the premises, told the plaintiff after making of said contract dated September 11, 1884, not to deliver any pickles to him on said contract unless they were ordered by him, and that he failed to give such order for any portion of said pickles during the time

required by said contract, then the jury are instructed that the plaintiff would not be in default in regard to those not ordered, and that the defendant would be liable to the plaintiff for all pickles called for by said contract not so ordered by him."

If the defendant or his agents told plaintiff not to deliver pickles on said contract unless they were ordered by him and plaintiff acted on such direction and acquiesced therein, then the element of time in the contract would have been waived by the parties.

In such case where a fixed time has ceased to be an element in the contract, neither party can put the other in default without some notice or demand of performance. Lawson v. Hogan, 98 N. Y. 44.

The element of time is enlarged from a definite or fixed time to a reasonable time in which to perform the contract, and the defendant could not in such case be put in default unless he refused to receive the pickles on a tender of delivery within a reasonable time, and the plaintiff in order to recover would be required to show an ability to perform and an offer or tender of performance within such reasonable time.

The latter clause of the instruction does not correctly state the law upon the hypothesis in said latter clause stated. The defendant would not be liable to the plaintiff for the pickles called for by the contract on said hypothesis simply because he failed to order them during the time named in the contract, unless the time named in the contract should be found to be the reasonable time for its performance, and the plaintiff further showed that he had the ability to perform and actually offered to deliver, and that defendant refused to receive the pickles within said time. Sanborn v. Benedict, 78 Ill. 309.

In the contest, developed by the record in this case, and the sharp conflict of evidence arising on material issues, we deem the misdirection in said instruction such error as requires us to reverse the judgment of the court below and remand the case for a new trial, without regard to other alleged errors in the record.

*Reversed and remanded.*