## E. M. KRAUSE v. UNION MATCH COMPANY.[1]

February 14, 1919.

No. 21,024.

**Sale — time of delivery.**

1. Where goods are sold to be delivered to the buyer when ordered, or when the seller is notified to, make delivery, the law implies that the buyer is to exercise his right to require a delivery within a reasonable time.

**Same — when question for the jury.**

2. Where reasonable men might properly draw different inferences from the undisputed testimony, the case should be submitted to the jury.

**Same — performance of agreement — reasonable time.**

3. As a rule, the question of what is a reasonable time within which a party to a contract must act to secure performance by the other party, no time for performance being specified, is a question of fact for the jury.

Action in the district court for St. Louis county to recover $675 for breach of contract. The answer alleged that there was no note or memorandum of the alleged contract signed by either party or ratified by defendant, and that plaintiff did not at the time accept or receive any part of the goods; that by the terms of the unsigned order mentioned in the opinion the defendant had no right to deliver the matches until notified so to do by plaintiff and therefore said alleged contract was unforceable by defendant, was without consideration, unilateral and void; that it was plaintiff's duty to notify defendant to ship the balance of the matches within a reasonable time, and that plaintiff failed so to notify the defendant for more than 14 months and by reason thereof plaintiff breached the contract, if there was one. The case was tried

[1]Reported in 170 N. W. 848.

before Dancer, J., and a jury which answered in the affirmative the following question: *Did plaintiff and defendant enter into a contract for the sale of 1,500 cases of matches by defendant to plaintiff, as claimed by him?* and in the negative the question set out in the fourth paragraph of the opinion. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*H. J. Grannis,* for appellant.

*H. B. Haroldson,* for respondent.

LEES, C.

This action was brought to recover damages for breach of a contract of sale. Defendant had a verdict and plaintiff appeals from an order denying his motion for a new trial.

Plaintiff was the proprietor of a department store and jobber of house furnishings at Cleveland, Ohio, and defendant a manufacturer of matches at Duluth, Minnesota.

On October 14, 1914, an unsigned memorandum of the terms of the contract was made and delivered to plaintiff. It recites that 1,500 cases of Red Seal matches, at one dollar per case, with a 15 per cent discount and 10 per cent free goods, are to be shipped by defendant to plaintiff, 50 cases to be shipped at once and "balance as notified." The first 50 cases were shipped in October, 1914. On February 5, 1915, plaintiff, by letter, requested defendant to "send * * * duplicate amount of matches as on Oct. 19." This order was filled. On July 23, 1915, he requested that his February order be duplicated. Defendant replied that it was out of the kind of matches it had previously shipped and had substituted and was shipping Superior matches instead of Red Seals. Plaintiff accepted these matches and paid for them. On January 28, 1916, plaintiff, by letter, requested defendant to "ship at once 50 gr. matches same as our former order." On February 1, 1916, defendant replied, stating that it had discontinued the manufacture of "penny matches," owing to the advance in the price of materials, and therefore was unable to fill the order. It offered to ship other matches at a higher price if plaintiff wanted them. On February 15 following, plaintiff made a formal demand in writing for the 1,350 cases of matches which

were still due on the contract. No attention was paid to his demand and this action followed.

When the case was sent to the jury, two questions were submitted for special findings. The first was answered in accordance with plaintiff's, and the second in accordance with defendant's, contention, and a general verdict for defendant returned. Alleged error in the submission of the second question and insufficiency of evidence to sustain the answer to it are the basis of all the assignments of error which require consideration. This was the question and answer: "Was demand for performance made by plaintiff within a reasonable time after Oct. 14, 1914? Answer: No." Counsel for appellant contends that the court should have ruled, as a matter of law, that the undisputed facts showed a demand for performance within a reasonable time. The decisive questions here are whether the contract is to be construed as requiring plaintiff to order all the matches within a reasonable time, and, if it did, whether he ordered them within such time.

1. Where goods are sold to be delivered to the buyer when ordered, or when the seller is notified to make delivery, the law implies that the buyer is to exercise his right to require a delivery within a reasonable time. "To hold otherwise would make the contract unilateral—binding the seller, but not the purchaser, as he might never exercise his option." Sanborn v. Benedict, 78 Ill. 309. When a contract provided that "device to be installed at such date as we may name," it was held that the buyer must name a date for the installation of the article sold within a reasonable time. Standard Interlock Elev. Co. v. Wilson, 218 Pa. St. 280, 67 Atl. 463. So where the contract was that the seller of lumber was to deliver it "after October 15, 1911, on demand therefor," it was held that the buyer must exercise his option to require a delivery within a reasonable time after the date mentioned. Brunner v. Mobile-Gulfport Lumber Co. 188 Ala. 248, 66 South. 438. In Williston, Sales, § 457, the rule is thus stated:

"Generally where the buyer or seller is entitled to notice before performing, the notice is not simply a condition qualifying his obligation, but it is also a legal duty of the other party to give such notice within a reasonable time. Accordingly, if the notice is not given, not simply is

the party who should receive it excused from performing, but he has a right of action against the party who should have given it."

Our conclusion is that the contract before us should be construed to require plaintiff to order all the matches within a reasonable time after October 14, 1914.

2. Whether plaintiff requested shipment of the matches within a reasonable time was a question for the jury. Counsel for appellant is correct in his statement that there is no dispute as to the facts disclosed by the testimony bearing on this question. But the inferences to be drawn from the testimony are disputed. Where reasonable men might properly draw different inferences from undisputed testimony, the case is one for the jury. On the one hand, plaintiff contends that to request shipment at the rate of 100 cases per year and in lots of 50 was to demand performance within a reasonable time and that, all things considered, the final demand for 1,350 cases was made in time, if it was not entirely dispensed with by defendant's failure to ship the 50 cases ordered. in January, 1916. On the other hand, defendant contends that deliveries for 13 years would be covered by the contract, if plaintiff was allowed to continue to take the matches at the rate of 50 cases at intervals of five or six months as he had been doing; that he was not bound to order any matches, and, if prices fell, would naturally refrain from ordering, while, if prices rose, he would order the whole quantity as he finally did, and so put all the risk of loss upon defendant for an unduly long period of time.

We think there is much force in the contention of defendant's counsel. In ascertaining the limit upon the time within which plaintiff might call for deliveries, the practical results that would flow from holding. that he might go on as he had begun, should be taken into account. These results were matters to be considered by the jury in drawing proper inferences from the testimony.

As a rule, what is a reasonable time within which a party to a contract must act to secure performance by the other party is a question of fact for the jury. This case falls within the rule under all the decisions of this court. Cochran v. Toher, 14 Minn. 293 (385); Roberts v. Mazeppa Mill Co. 30 Minn. 413, 15 N. W. 680; George A. Hormel & Co. v. American Bonding Co. of Baltimore, 112 Minn. 288, 128 N. W. 12, 33

L.R.A.(N.S.) 513; Davis v. Godart, 131 Minn. 221, 154 N. W. 1091.

Other matters discussed in the briefs need not be considered. The case was submitted under proper instructions and the evidence justified the jury in making the special findings and returning the general verdict which disposed of the case in defendant's favor.

Order affirmed.