MARJORIE H. HEALY v. R. O. MORDEN AND ANOTHER.
R. J. HEALY v. R. O. MORDEN.[1]

October 8, 1926.

Nos. 25,557, 25,559.

**When finding of fact by jury upon conflicting testimony, approved by trial court, may be reversed.**

1. A finding of fact by the jury upon conflicting testimony, approved by the trial court, should not be disturbed on appeal unless the testimony in support of the finding is demonstrably false or incorrect.

**Verdicts not excessive.**

2. The damages are not so excessive as to indicate that prejudice or passion actuated the jury.

Appeal and Error, 4 C. J. p. 865 n. 40; p. 872 n. 19.

---

See 2 R. C. L. 204; 1 R. C. L. Supp. 443; 4 R. C. L. Supp. 92; 5 R. C. L. Supp. 81.

Two actions in the district court for Hennepin county to recover for personal injuries. The cases were tried together before Dickinson, J., and a jury which returned verdicts in favor of plaintiffs, that for the wife being $5,000, against defendants Morden. Defendants Morden appealed from orders denying their motions for judgment notwithstanding the verdicts or for a new trial. Affirmed.

*Merriam & Wright,* for appellants.

*H. V. Mercer & Co.* and *W. A. Tautges,* for respondents.

HOLT, J.

The two actions were tried together and a verdict returned for each plaintiff against the defendants R. O. Morden and wife, but in favor of the defendant Lueck. From the orders denying the motion of defendants Morden for judgment non obstante or a new trial, they appeal.

[1] Reported in 210 N. W. 290.

The short facts are that the plaintiff Marjorie H. Healy was seriously injured when a truck owned by defendant Lueck skidded on a slippery pavement at the intersection of Hennepin avenue and Twenty-fourth street in Minneapolis, and its load of heavy crates fell upon Mrs. Healy as she was standing near the curb to take a street car, the truck in skidding striking the curb with such force as to crush a wheel causing the load to tip. The driver of the truck laid the blame for the accident upon Mrs. Morden, and the evidence on the part of plaintiffs tended to prove that, in driving a Cadillac sedan on Twenty-fourth from her home west of Hennepin avenue, Mrs. Morden turned into the easterly side of the avenue to go north thereon so as to interfere with the right of way of the truck which had entered the crossing, also going north on Hennepin, compelling the driver of that vehicle to apply the brakes in order to avoid a collision. The collision was avoided but the skidding and disastrous result to Mrs. Healy followed. We shall not attempt to visualize the accident any further, because not necessary to any legal proposition presented. It is enough to say that there is ample evidence to exonerate the driver of the truck and to find negligence in the driver of the sedan that approached the truck from its left side at the intersection of the streets mentioned.

The appeal is grounded upon two propositions that: (a) The verdicts are not supported; and (b) excessive damages. Upon the oral argument, if we understood counsel rightly, it was not claimed that the evidence did not justify the jury in finding that the negligent driving of a large sedan by a woman so as to make a collision with the truck imminent was the cause of the accident and the resulting injuries to Mrs. Healy. But it is earnestly contended that the evidence is not sufficient to permit a finding that the sedan was owned by the defendant Morden and operated by his wife. Defendants Morden produced testimony that another sedan, a Cadillac or Peerless, going south on Hennepin turned east in front of the truck on Twenty-fourth street, narrowly missed the truck, and proceeded east towards Dupont avenue. This was positively denied, aside from other testimony, by the driver of the truck and a witness

with him in the cab, who testified they saw the sedan which interfered with the course of the truck pass north on Hennepin and that it did not continue on Twenty-fourth towards Dupont. Those two witnesses certainly were in a position to observe which course of the two indicated by the conflict in the testimony was taken by the auto which occasioned the application of the brakes to the truck. Mrs. Morden was the one that drove north on Hennepin. She admits she heard the crash and stopped to look back, but claims she was then already 100 feet or more north of Twenty-fourth street. One driver of a car going south testified that approaching Twenty-fourth street, he stopped for the Cadillac sedan which came from West Twenty-fourth street and turned into Hennepin avenue, that this was the sedan that interfered with the course of the truck, and that it turned north on Hennepin. He was also in good position to observe the occurrence so as to identify the car to blame.

At the best, there was a decided conflict in the testimony among apparently honest and disinterested witnesses. This is not an unusual situation. Persons view from different directions swiftly moving vehicles approaching each other from different angles. Some are attracted to one vehicle, others to another or to some particular feature of what takes place. It is to be expected that the several witnesses may disagree. In such a case it is for the jury to solve the problem as to what did occur, and this court should not interfere where the verdict has been approved by the trial court, unless the testimony in support of the verdict is demonstrably false or mistaken. In our opinion the record furnishes no ground for so claiming in the instant case. On the contrary there is quite a quantity of apparently credible testimony sustaining the proposition that Mrs. Morden was the driver of the offending sedan.

The damages are assailed as excessive. This is not urged as we understand, against the verdict for the husband plaintiff, and could not be, because the evidence is uncontradicted that his actual expenses for nursing, doctor and hospital expenses approximate the verdict. While the verdict seems rather large for the plaintiff wife, her injuries were severe, her suffering protracted, and there is some

testimony supporting continued pain and permanent disability. We do not think this is a case where this court ought to override the opinion of the learned trial court approving the verdict.

The orders are affirmed.