# HAROLD T. HANSE AND ANOTHER v. ST. PAUL CITY RAILWAY COMPANY.[1]

May 19, 1944.

No. 33,722.

[1]Reported in 14 N. W. (2d) 473.

*C. J. Menz,* for appellant.

*O'Brien & Kronebusch,* for respondents.

JULIUS J. OLSON, JUSTICE.

Action to recover for property damage resulting from a collision between plaintiffs' tractor-trailer-truck and one of defendant's street-cars. The jury allowed plaintiffs $500. Defendant appealed from an order denying its motion for judgment notwithstanding the verdict and granting its motion for a new trial on the sole question of damages.

■ At the outset we are met with defendant's failure to assign any errors here. Supreme Court Rule VIII(3)(d), (212 Minn. xli), specifically provides:

"The brief of appellant shall contain:

\*   \*   \*   \*   \*

"(d) Assignments of error each shall be separately and concisely stated and numbered, without repetition. Where a finding of fact is attacked as not sustained by the evidence, it shall be particularly specified."

Defendant's statements under the heading "Questions Involved" (Appellant's Brief, p. 3) were not intended to be, nor are they, a substantial compliance with the rule. The most that can be claimed for them is that defendant thereby attempted to comply with subsection (e) of the rule, which relates to "points urged for reversal, modification or relief." Even a casual reading thereof should convince counsel that these requirements do not take the place of assignments of error. In these circumstances, we think the order stands for affirmance. Thus, in Peterson v. Pete-Erickson Co. 186 Minn. 583, 244 N. W. 68, the holding was:

"On appeal a specification of error made in the motion for new trial is unavailable unless the point has been preserved both by assignment of error and appropriate argument in the brief of the party depending upon the point."

Our latest case is Belluci v. Marra, 217 Minn. 99, 13 N. W. (2d)

773, where several of our prior cases are cited. See also 1 Dunnell, Dig. & Supp. § 357.

■ In order to assuage somewhat the possible feeling of chagrin on the part of able counsel because of this oversight on his part, we wish to say that a review of the record convinces us that fact questions only were involved as to negligent cause and contributory negligence.

■ The trial court's admission of error in its charge on the question of damages has been corrected in the order which gave defendant a new trial on that issue. The rule stated by the court, which it later deemed erroneous, reads:

"* * * The plaintiffs in this case claim that the tractor-trailer was worth, at the time of the accident, $1,000, and that after the accident it was worth only $500. I do not remember any dispute in the evidence, or any attempt to dispute it in the evidence, so we can say that the damage is $500, and you do not have to worry about that."

That is "the principal alleged error in the charge." We do not believe it can be said here, as a matter of law, that the court exceeded its discretionary power in ordering a new trial on that phase alone rather than granting a new trial on all issues. While, as individuals, we might have adopted a different view, that does not justify a setting aside here of what obviously was a discretionary matter for the trial court to determine.

■ On the question of what are labeled "irregularities" this appears: The cause was submitted to the jury on May 27, 1943, and counsel agreed that a sealed verdict might be returned. The ensuing week-end included Sunday, May 30, which was also Decoration Day, in consequence of which the next day was also a holiday, so the jury was not to return until June 1. This is what then occurred:

"When the clerk read the verdict to the jury, and read: 'in favor of defendant,' Mr. Nettleton, the foreman, got to his feet and said:

"Mr. Nettleton: Verdict for the defendant? That should be verdict for the plaintiff.

"The Court: What did you intend?

"Mr. Nettleton: We intended a verdict for the plaintiff.

"The Court: If you intended to find for the plaintiff why did you not put in the damage?

"Mr. Nettleton: We understood from the charge that there was no question as to the amount of damage.

"Whereupon the verdict for the defendant and a verdict form for the plaintiff was resubmitted to the jury and handed to the foreman and with his pen, in the presence of all the jurors, he made out a verdict in favor of the plaintiff and against the defendant in the sum of $500, which verdict was read back twice to the jurors and then the court said:

"The Court: I feel it incumbent upon me to poll the jury in the absence of Mr. Menz. I shall ask each one of you, when your name is called, to say yes, if you agree to the verdict, or no if you do not.

"In answering to their names at the time the panel was checked, each of the jurors answered yes."

The court could have sent the jury back to the jury room to correct the error. Had it done so, it is not likely that defendant could now justly complain. There is not even a suggestion of misconduct on the part of the jury or any of its members. No harm or prejudice to defendant is shown as to the amount of recovery. To Mr. Nettleton and his fellow jurors, that presented "no question." "We [so] understood from the charge."

"A sealed verdict is subject to correction by the jury, before it is recorded." Loudy v. Clarke, 45 Minn. 477, 480, 48 N. W. 25, 26. The only difference in this case and the one cited is that there the jury was sent to its room to make the correction, while here the correction was made in open court and in the presence of the court. The record does not indicate prejudicial error on this ground.

Order affirmed.