CARL WALLEY AND HAROLD FISCHBEIN, COPARTNERS *d. b. a.* METAL SPECIALTY MANUFACTURING COM-PANY, v. WILLIAM I. SWEET AND OTHERS, COPARTNERS *d. b. a.* TWIN CITY STEEL TREATING COMPANY.[1]

November 2, 1945.

No. 34,002.

*A. M. Cary* and *Stanley V. Shanedling,* for appellants.

*Brill, Maslon, Grossman & Brill,* for respondents.

[1]Reported in 20 N. W. (2d) 528.

546

LORING, CHIEF JUSTICE.

This is an action on a warranty. Plaintiffs had a verdict for $1,837.63. The case is here on appeal from an order denying defendants' motion for judgment or a new trial.

Plaintiffs, the Metal Specialty Manufacturing Company, had a die manufacturing contract with defendants, Twin City Steel Treating Company, to do the work.

Defendants made a test-heat treatment on six sample dies to see if they could do the job. These six were apparently satisfactory, and the parties proceeded with the heat-treating process for the rest of the approximately 500 dies.

The evidence is in conflict as to what the terms of the contract were in regard to warranty. Plaintiffs claim that defendants warranted a "100 percent" job, and defendants say they only said "we would do the best we could."

Some time later, while the defendants were still engaged in heat-treating the dies, it was claimed that the dies fractured. Further heat-treating was stopped. Plaintiffs had expended $1,770, plus interest, in labor costs and $594.28 in overhead costs on the dies before they were delivered to defendants.

■ The main issue is whether defendants warranted the heat-treating process. There is definite conflict in the evidence. Therefore it was a jury question. Krause v. Union Match Co. 142 Minn. 24, 170 N. W. 848. In such cases the verdict of the jury will not be disturbed by this court. Healy v. Morden, 168 Minn. 450, 210 N. W. 290; Ohlson v. Manderfeld, 28 Minn. 390, 10 N. W. 418.

■ On objection, the court excluded this question asked plaintiffs by defendants' counsel: "Did he ever in the past warrant to you or guarantee that the job he would do would be a hundred percent operation?" The warranty or lack of warranty in past contracts would not be relevant to warranties in this transaction, and the question was rightfully excluded.

■ The lower court ruled that as a matter of law, if the jury found that there had been a warranty, plaintiffs could recover the labor costs. The labor costs had already been incurred when the

dies were delivered, and the fracture of the dies caused the loss of the labor expenditure. The evidence is compelling that a fracture of these dies would cause this loss, so the instruction was correct. J. M. Paine & Co. v. Sherwood & Sewall, 19 Minn. 270 at p. 279 (315 at p. 324); Kaercher v. Citizens' Nat. Bank (8 Cir.) (1932) 57 F. (2d) 58.

The loss of profits was excluded by the lower court. Both counsel concede that the jury allowed nothing for overhead costs.

■ Defendants raise the question concerning the rendering of the verdict by the jury. The record is not at all clear as to whether there was a sealed verdict. Further, it is difficult to see from the record in this case how there could have been any prejudice even if there had been a sealed verdict, which the jurors later completed. Under the rule in Hanse v. St. Paul City Ry. Co. 217 Minn. 432, 14 N. W. (2d) 473, there was no error.

Order affirmed.