CASE 31—PETITION EQUITY—FEBRUARY 10.

## Magoffin vs. Holt.

APPEAL FROM THE FAYETTE CIRCUIT COURT.

1. M. sold to H. certain real estate for $3,500. In the contract it was stipulated that if, at the expiration of three years from date, H. should desire to sell said real estate, M. would, upon request of H., purchase the same at the price of $3,500. H. failed to make the request until nearly a month after the expiration of the three years. *Held*—That this was not such a compliance with the contract as to give H. a right to enforce it, either at law or in equity.

2. Equity will not ordinarily regard *time* as of the essence of a contract for the sale of land ; but where there is a want of mutuality in the obligation, time is essential in equity as well as at law. (2 *B. M.,* 439 ; 1 *Johns. Chy. Rep.,* 282.)

HUNT & BECK, and M. C. JOHNSON, for appellant, cited 2 *Leading Cases in Eq., pt.* 2, *pp.* 26, 19 ; *Story's Eq., sec.* 776 ; 1 *Fonb. Eq., p.* 31 *and notes;* 2 *Vern.,* 415 ; 1 *J. C. R.,* 274 ; 2 *A. K. M.,* 345 ; 2 *Md. Chy. Decs.,* 401 ; 2 *B. Mon.,* 439 ; 2 *U. S. Dig.,* 586, 454.

BUCKNER & DUDLEY, and G. B. KINKEAD, for appellee, cited 2 *Ves.,* 265 ; 2 *White and Tudor's Eq. Cases, pt.* 2, *p.* 9 ; 2 *Parsons,* 543, 567 ; 3 *Mon.,* 366 ; 6 *Mon.,* 366, 321 ; 7 *Mon.,* 656 ; 5 *B. M.,* 452.

CHIEF JUSTICE DUVALL DELIVERED THE OPINION OF THE COURT:

On the 7th of April, 1857, Magoffin sold to Holt an interest in certain lands in the town of " La Crescent," Minnesota— the contract of sale containing this stipulation :

" That if, at the expiration of three years from the date hereof, the said Holt shall desire to sell the said interests

herein described and conveyed, then the said Magoffin, for the consideration aforesaid, upon request made of him by said Holt, will purchase of him the said interests at the price of $3,500, with interest thereon from this date."

The three years expired on the 7th of April, 1860. Holt failed to request Magoffin to purchase the property until the 2d of May following, when he made the request by letter of that date. Some correspondence ensued between the parties, resulting in the positive refusal of Magoffin to make the purchase. In July following, Holt brought this action to enforce a specific execution of the contract. The circuit court granted that relief, and Magoffin has appealed.

The single question presented by the record is, whether, by the terms of the contract, Holt was required to make the request on the day the three years expired, or whether his having done so within a reasonable time afterwards was just as effectual to bind Magoffin.

For the appellee, it is insisted—*first*, that the words "at the expiration of three years," do not necessarily imply the intention that the request should be made on the day of their expiration, in order to a literal compliance with the contract; and, *secondly*, that, however this may be, time is not to be considered an essential ingredient of the contract, and that upon both or either of these grounds the judgment complained of is right.

1. It may be admitted, as argued, that the word "*at*" is not invariably used to denote a fixed and definite time or place, and that it is sometimes so used as to mean "about," or "near to," the time or place stated. "At the house" may, and often does, mean about or near the house; but in the case of a note or bill payable *at* the Northern Bank of Kentucky, at the expiration of sixty days from date, it would hardly be argued, on the authority of Webster or Worcester, that the legal requirements of the contract would be satisfied by a demand of payment anywhere about or near to the bank, or near to or within a reasonable time after the expiration of the period of sixty days. In the construction of a will giving a legatee the right of election to be exercised *at the death* of the testator,

it would undoubtedly be held that the right might be exercised within a reasonable time after the event, because the more rigid interpretation of the words would be obviously inconsistent with the intention of the testator, and would necessarily and inevitably defeat the exercise of such right. There is no such reason for applying the same rule of construction to the present case. Magoffin was, by the agreement, to become liable, at the expiration of a fixed period, for the payment of $3,500, upon a single condition. That condition was to be performed, not by a stranger, but by Holt himself, and consisted simply in his requesting Magoffin to purchase the property. From the very nature of the agreement, then, and of the acts to be performed by the parties respectively, the natural inference would be that they intended to fix, certainly and definitely, the time of performance. This, we think, was done by the employment of terms as appropriate, and as expressive of such intention, as any that could have been selected. "At the expiration of three years" means, and was intended to mean, the day on which the period of three years expired. The meaning is as clear, we think, as it would be in the case of an ordinary promissory note for the payment of a sum of money at the expiration of three years from date.

2. Such being the proper legal construction of this contract, it is evident that as Holt failed, for nearly a month after the day stipulated, to make the request provided for, he had lost his *legal* right of action to enforce the contract. And it remains to inquire whether he is entitled to relief in a court of equity, on the ground that time is not to be considered as of the essence of the contract.

The general doctrine that courts of equity will not, ordinarily, regard time as of the essence of a contract for the sale of land, but will specifically enforce it, even though the plaintiff may have failed to pay the money or convey the title on the day stipulated, has been repeatedly recognized and acted on by this court. (3 *Mon.*, 321; 6 *Mon.*, 366; 7 *Mon.*, 656.) These, and other decisions relied on by counsel for the appellee, were all cases of executory sales of land, which the court refused to cancel on the mere ground that there had been a

failure on the part of either vendor or vendee to comply strictly with the stipulations of the contract in respect to time. An agreement for the sale of land vests in the purchaser an equitable estate which he may sell or devise, and which, like other property, may be subjected to the payment of his debts. The agreement also invests the vendor with an absolute right to the purchase money. And courts of equity will not divest or forfeit either the one right or the other, on the mere ground of delay in the conveyance of the title or in the payment of the money, beyond the day stipulated. The rights, obligations, and remedies of the parties are, in such cases, mutual, and the aid of the chancellor will be extended to either for the enforcement of such rights, except where the applicant for relief has himself been guilty of culpable negligence or unreasonable delay.

But the case before us is, in every essential particular, wholly unlike those just adverted to. This is not the case of an executory sale of land, investing the parties with mutual rights and imposing mutual obligations. The contract invested the appellant with no estate or interest in the land whatever; it gave him no right which he could enforce either at law or in equity. It bound him to purchase upon a contingency, but gave him none of the rights of a purchaser. It imposed no liability or duty on the appellee of which the appellant could coerce the performance. What right did it confer on the appellee? Simply the right of electing to sell at the time and in the manner stipulated. By the exercise of this right he might have imposed on the appellant an obligation to purchase the property at the price agreed on. But he failed to do so. He failed for nearly a month after the expiration of the three years to manifest his desire or election to sell. The delay is wholly unexplained and unaccounted for. It was not the result of unavoidable accident or misfortune, and was not occasioned by the situation or conduct of the appellant. On what ground, then, should the chancellor relieve him from the legal consequences of his own neglect, and impose on the appellant a liability from which he was exonerated by the express terms of his agreement? The argument for the appellee assumes that, notwithstanding his voluntary failure

to comply with the condition upon which alone the contract of sale and purchase was to arise, the appellant was, nevertheless, bound to hold himself in readiness, for an indefinite time afterwards, with the $3,500, and its accumulating interest continually on hand, to comply with the *request* of the appellee whenever it might suit his pleasure or his interest to make it, without the slightest regard to the injury or inconvenience to which such delay might subject the appellant.

A court of equity should not lend its aid in enforcing any such claim. This court has repeatedly recognized and sanctioned the general doctrine that where there is a want of mutuality in the obligations arising from contract of purchase, time is essential, as well in equity as at law. In the case of *Page vs. Hughes*, 2 *B. Mon.*, 439, the facts were, briefly, that Hughes had leased a lot to the assignors of Page, stipulating that in case they should pay $2,300 before the expiration of the lease, he would convey the property to them. Page had spent about $12,000 in improvements on the lot, and had offered to pay the $2,300 to the administrator of Hughes, who had died; but he declined, having no right to receive it. The heirs. of Hughes were non-residents, some of them infants, and Page did not know where they were, or who were entitled to receive their shares. Page filed his bill within twenty-one days after the expiration of the lease, setting out the foregoing facts, and praying a specific execution of the contract of sale. It was held by this court that he was entitled to relief; that he had elected to take the lot as a purchase, and determined to pay within the prescribed time the stipulated price, and that Hughes so understood; and that if there had been no formal offer to pay within the prescribed time, the facts furnished a sufficient excuse for the omission. But the court distinctly lay down the doctrine, as already stated, that " when there is a want of mutuality in the obligation, time is generally essential and indispensable in equity, as well as according to strict and inflexible law. And if Page had intentionally or negligently failed, either to elect or manifest his election, and offer to pay the $2,300 on or before the 1st of October, 1840 (the day the term expired), he should submit to the loss of his buildings,

great as it might be. Equity ought not to help him from a forfeiture thus voluntarily incurred." This, it seems to us, is conclusive of the present case. For, as already shown, there was a total want of mutuality in the obligation arising on this contract; and there was also, on the part of the appellee, either an intentional or negligent failure to elect or to manifest his election to sell, by requesting the appellant to purchase on the day stipulated. "Equity," therefore, "ought not to help him from a forfeiture thus voluntarily incurred," especially as the only thing so forfeited was the mere right of election, and not, as in the case cited, a large sum of money invested in improvements.

In the previous case of *Boucher vs. Vanbuskirk* (2 *Mar.*, 346), the doctrine was carried much further; and it was held that to enable either party to compel a specific execution, the contract must be mutually binding on each, although there had been a strict compliance with all the stipulations of the contract by the party seeking to enforce it. To the same effect is the case of *Parkhurst vs. Van Cortlandt* (1 *Johnson's Ch. Rep.*, 282). Whether such extension of the doctrine is clearly maintainable on principle and authority, it is not necessary now to decide, inasmuch as the principles stated in the case of *Page vs. Hughes*, and the several cases there cited and commented on, sustain our conclusion, that the appellee was not entitled to the relief granted him by the court below.

The judgment is therefore reversed, and the cause remanded with directions to dismiss the petition.