ANDREW J. SMITH *vs.* DANIEL A. PARK and others.

July 25, 1883.

**Administrator—Power to make Leases.**—An administrator may lease the real property of the estate, but only for the term of the administration.

**Landlord and Tenant—Removal of Buildings by Tenant.**—A tenant whose lease in terms gives the right to remove, at the expiration of his term, buildings which he may have erected, may exercise that right within a reasonable time after his term expires. If the removal is not effected within a reasonable time, the right of removal ceases.

**Same—Judgment for Landlord for Restitution—Forfeiture of Tenant's Right of Removal.**—About five months after the expiration of the prescribed term of a tenancy, judgment of restitution was awarded in summary proceedings against the tenant. The judgment not being enforced by writ, the tenant remained in possession a month longer, and then commenced the removal of a small frame dwelling-house erected by him during his term. An instruction to the jury, which, in effect, declared that the right of removal had not been forfeited, *held* to be erroneous.

**Same—Rights of Mortgagee of Building.**—One who has taken from a tenant a chattel mortgage upon a building erected upon leased land, acquires no better right than the tenant had, and cannot remove the property after the tenant's right of removal has expired.

Plaintiff brought this action in the district court for Stearns county, to recover possession of a frame building. The action was tried by *McKelvy,* J., and a jury, and plaintiff had a verdict. Defendants appeal from an order refusing a new trial.

*Taylor & Calhoun,* for appellants.

*Collins & Bruener* and *N. H. Miner,* for respondent.

DICKINSON, J. One Amos De Groat died seized of a lot of land which the widow, (now the defendant Mrs. Park,) who had been appointed administratrix of the estate, leased for the term of five years to one Burgess. By the terms of the lease, the lessee had the right, at the expiration of his term, to remove all buildings which he might put upon the premises. Burgess entered under the lease, and erected a small house thereon. About three years after the giving of the ·

lease, the estate was settled, and the property in question was awarded to the heirs, who are the defendants Cornelia Park and Gertrude and Bertie E. De Groat. During the term of the lease Burgess executed to the plaintiff a chattel mortgage upon the house, he knowing the nature of Burgess's title and occupancy. The mortgage was foreclosed, the plaintiff himself purchasing the property. Burgess continued to occupy for the full term of five years, which expired November 2, 1879. He still continuing in possession, summary proceedings were instituted, upon the complaint of Mrs. Park, on the 12th of February, 1880, under the statute, for the recovery of possession, upon the ground that he was unlawfully holding over after the expiration of the five-years' tenancy. February 21st, judgment of restitution was awarded against him, he not having appeared to defend. No writ of restitution was awarded, however, until March 24th, when, by the execution of such writ, he was ejected. The day before, (March 23d,) Burgess commenced the removal of the house from the land, acting in behalf of the plaintiff, but was prevented from doing so by the service of the writ of restitution. Between the time of the rendition of the judgment and its execution, negotiations were had between Burgess and defendants with reference to a continued occupancy by Burgess until April, and the surrender of possession of the property at that time, including the house, to the defendants. It is disputed whether an agreement to that effect was actually made.

The administratrix had power to lease the land during the period of administration. Gen. St. 1866, *c.* 52, § 6. But this right, conferred by the statute for the purposes of the administration, is limited to that period. The lease for the term of five years was, hence, necessarily subject to be terminated at the will of the heirs when they acquired the right to possess the estate. If, however, the heirs did not elect to terminate the lease, but recognized its validity and the tenancy of Burgess under it during the term named, it was afterwards of no consequence that it might have been avoided. It may fairly be inferred that the continued validity of the lease was so recognized, since nothing is shown to the contrary while Burgess occupied the full term, and because afterwards possession was sought and

recovered by summary proceedings, upon the ground of a tenancy for the term of five years and the expiration of such term. We may, then, assume all that plaintiff can reasonably claim as the basis of the right to remove the house; that is, a tenancy for the term ending November 2, 1879, with such right to remove the property as the law gives to a tenant so holding. We will also assume, without discussion, that the house was erected under such circumstances as gave the tenant a right to remove it. The lease, in terms, gave that right, and the heirs could not ratify it without accepting all its terms.

We will now consider whether Burgess or his mortgagee, the plaintiff, had the right on the 23rd of March to remove the house, or whether such right had already been lost.

The terms of the lease giving the right of removal *at the expiration of the term*, the tenant was not required to remove the house *during* his term, but might occupy it as a dwelling-house during the full term, and then within a reasonable time remove it. In the case of a small wooden building, as in this case, nothing appearing to prevent it being done, the removal should be effected without any considerable delay; at least, no great time should elapse before the work of removal is commenced. If the removal should not be effected within a reasonable time after the term expired, the right would cease, and the property become part of the realty.

As applied to this case, the law may be considered in connection with an instruction given to the jury, which, we think, involves error for which a new trial should be granted. The charge was this: "As this case stands, I charge you the law to be this: that if this man Burgess was put out there, not voluntarily, but involuntarily, on his part, he had a right, within a reasonable time after he was put out, to go back and remove this structure; or Mr. Smith, his assignee, who stands in his shoes," (might do so.) The error is that the instruction unqualifiedly declares the law of the case for the guidance of the jury upon an unauthorized assumption by the court that, at the time when Burgess was ejected from the land, the facts were such that he still retained, by virtue of his tenancy, the right of removal. The case would have at least justified, if it did not compel, the conclusion that, when Burgess was ejected, he had already lost the right

to take the building away. Almost five months had passed since the expiration of the term of his lease, and it was not made to appear that any extension of the right of removal had been granted expressly, and it was not to be inferred by the court that it had been impliedly extended by the continued occupancy of Burgess, especially in view of the summary proceedings instituted against him to recover possession. If the occupancy was unauthorized, and was treated as a trespass by the owners of the property, as they might do, it could not extend the right to remove fixtures. In any event, as the case stands, the right of Burgess to occupy must be deemed to have expired when judgment was awarded against him for restitution. There is no claim that the tenancy was not then, at least, terminated, nor is there any evidence to the contrary; yet more than a month was suffered to elapse after that before any attempt was made to remove the house. The delay, so far as appears, was unnecessary and unreasonable.

If, in fact, there was a new agreement, such as the evidence tends to show, for an occupancy until April, it would not help the plaintiff. It would not enlarge the time of removal, for, by the very terms of the agreement, if any such was made, the house was to be left on the place.

The plaintiff stands in no better position than did Burgess. His right to the property, as against the landlords, is only such as the tenant under whom he claims had. It was for him to see to it that the building was removed within the time which, by the law and the terms of the contract, was given to the tenant for such a purpose.

The view we have taken of the case seems to render unnecessary a consideration of other questions raised in the briefs.

The defendants are entitled to a new trial. Ordered accordingly, the order appealed from being reversed.