LA DOW *v.* E. BEMENT & SONS.

1. CONTRACTS—TIME OF PERFORMANCE.
A contract to repurchase stock "at the end of two years," if the holder so desires, does not require him to give notice, on the first day after the expiration of the two years, that he requires the promissor to repurchase it, but he has a reasonable time to give such notice.[1]

2. SAME—REASONABLE TIME.
"Reasonable time" is a question for the court, where there is no dispute upon the facts.

Error to Ingham; Person, J.    Submitted January 6, 1899.    Decided April 18, 1899.

*Assumpsit* by Charles La Dow against E. Bement & Sons for the breach of a contract to repurchase certain shares of stock in defendant corporation. From a judgment for defendant on demurrer to the declaration, plaintiff brings error.    Reversed.

On April 27, 1895, the defendant, a corporation, entered into an agreement with the plaintiff, by which it gave to him four promissory notes for $5,000 each, and also agreed to forward to him certificates for 500 shares of the 6 per cent. preferred stock of said corporation, of the par value of $10 per share, and agreed "to repurchase from you, if you so desire, at the end of two years from May 1, 1895, at the par value thereof, and interest or dividends thereon at 6 per cent. per annum." The declaration sets forth the above agreement, its fulfillment, and that on May 26, 1897, plaintiff offered said shares of stock to defendant, requesting it to repurchase the same, in accordance with the terms of the agreement; that defendant refused to re-

[1] The rights conferred by a refusal or option is the subject of an extensive note to *Litz* v. *Goosling,* (Ky.) 21 L. R. A. 127.

purchase; that said stock was, on May 26th, worthless; and claims damage by reason of such failure to repurchase. To this declaration the defendant demurred, for the reason that it does not appear "by the declaration that the plaintiff notified the defendant on the 1st day of May, 1897, or at any time prior thereto, that he desired the defendant to repurchase the stock." The demurrer was sustained, and plaintiff appeals.

*Barbour & Rexford*, for appellant.

*Cahill & Wood*, for appellee.

GRANT, C. J. (*after stating the facts*). Plaintiff insists that he had a reasonable time after the expiration of the two years within which to notify defendant that he desired it to repurchase the stock. Defendant insists that the contract fixed a day certain, viz., the first business day after the expiration of the two years, within which such notification must be given. The contract does not, in express terms, fix a day, and make it of the essence of the contract. The preposition "at" is an elastic word. One lexicographer defines it as follows:

"A preposition of extremely various use, primarily meaning to, without implication, in itself, of motion. It expresses position attained by motion to, and hence contact, contiguity, or coincidence, actual or approximate, in space or time. Being less restricted as to relative position than other prepositions, it may in different constructions assume their office, and so become equivalent, according to the context, to in, on, near, by, about, under, over, through, from, to, toward," etc. Cent. Dict.

See, also, *Davidson* v. *Manufacturing Co.*, 99 Mich. 501.

Clearly, plaintiff could not exercise the option until the complete expiration of the two years. He might possibly have given notice before the expiration of the two years that he should demand the repurchase after the time had expired. That question, however, is not before us. The

contract did not require him to take any action until the expiration of the time. How much time, then, after the expiration? Shall the court say that it was limited to the first business day after the expiration of the time? But the contract does not say this. This would establish an arbitrary rule, for which no authority is cited. It would result in holding that no excuse whatever can be given for not exercising the option during that day. That is not the rule applicable to giving notice of dishonor in negotiable paper. We are cited to one authority directly in point. *Rogers* v. *Burr*, 97 Ga. 10. It is true, the declaration does not allege any excuse for delay, as appears to have been done in that case. This might have been better pleading, but we do not think the rule is so technical as to require it in this case. If, when the testimony is concluded, there be no dispute as to the facts, the question as to whether notice was given within a reasonable time will become a question of law for the court. If there be a dispute as to the facts, it may become a question of fact for the jury. This is not one of those commercial transactions the custom in regard to which is so well settled that a reasonable time has been rendered certain by numerous decisions of the courts. This question of reasonable time is very ably and fully discussed in *Hamilton* v. *Insurance Co.*, 9 C. C. A. 530, 61 Fed. 379, and it is there clearly shown when it is a question of law for the court and of fact for the jury. In *Campbell* v. *Railway Co.*, 5 Hare, 519, cited by defendant's counsel, the agreement gave the bondholders of defendant " an option to convert the bonds, at the expiration of *not more than three years,* into quarter shares of the company at £10 per quarter share." The three years expired February 15, 1845, but no notice was given until the end of June following. The time for the conversion was held to be limited to the three years. That case was heard on pleadings and proofs. It will be observed that the language is stronger than that in this case. Excuses for the delay were alleged and considered, but found to be insufficient.

The only question now before us is the sufficiency of the declaration. We are of the opinion that it is sufficient.

Judgment reversed, and case remanded for further proceedings under the rules and practice of the court.

The other Justices concurred.