WERTHEIMER *v.* CITIZENS BANK BUILDING.

Opinion delivered February 8, 1915.

LEASES—CONDITIONS—RESERVATION OF RIGHT TO CANCEL UPON HAPPENING OF CONDITION.—Appellant leased a storeroom from appellee, the contract providing that in case the prohibition of the sale of liquor in the city or county should be established, and the appellant prohibited from carrying on a wholesale and retail liquor business by operation of law, then, at his option, and upon notice, the lease might be terminated. Subsequent to the execution of the lease Act 59, page 180, Acts 1913, known as the "Going Law," was enacted, prohibiting the sale of liquor until the performance of certain conditions set out in the act. This act went into effect January 1, 1914, and was not complied with in the jurisdiction where this action was pending, until April 6, 1915, and it was, therefore, unlawful to sell liquor in that city between those dates. *Held,* the condition had arisen against which appellant had contracted, and that the appellant had the right on February 1, 1914, to exercise the option of cancelling the lease.

Appeal from Jefferson Circuit Court; *Antonio B. Grace,* Judge; reversed.

STATEMENT BY THE COURT.

Appellee brought suit against appellant, a corporation, before a justice of the peace upon five notes, for $100 each. A written complaint was filed, in which the notes were set out as five separate causes of action. The execution of the notes was admitted, but in the answer which was filed appellant stated that it had entered into a lease with the appellee whereby it leased, for a term of five years, beginning January 1, 1911, a storeroom situated in a building owned by appellee in the city of Pine Bluff. The lease was in writing and contained the following clauses:

"The said lessor agrees to install in said building a heating plant necessary to properly heat said building, and especially the storeroom occupied by the said lessee, and to maintain the same during the term of this lease; and the said lessee on its part agrees to conduct a legitimate and proper liquor business, wholesale and retail.

"It is further understood and agreed between the parties, that in case the prohibition of the sale of liquor

in Jefferson County, or the city of Pine Bluff, should be established and the said lessee prohibited from carrying on its business as wholesale and retail liquor dealers in said building, by operation of law, then, at the option of the lessee, and upon written notice given by it, this lease shall terminate and be at an end.''

It was further alleged that divers adult white inhabitants living within the incorporated limits of the city of Pine Bluff, Arkansas, filed a petition with the county court of Jefferson County on the 1st day of January, 1914, asking that license for the sale of intoxicating liquor be issued for the city of Pine Bluff; but it later appeared that this petition did not contain the requisite number of signatures, and it was withdrawn on the 18th day of February, and thereafter a second petition, to the same effect, was filed on the 28th day of February, 1914. The prayer of this petition was granted on the 6th day of April, 1914, and it was thereafter, during the remainder of said year, lawful to sell liquors in said city upon obtaining the necessary license. On or about the 1st day of February, 1914, appellant elected to terminate the said lease, and notified appellee that, inasmuch as the sale of liquor was prohibited in the city of Pine Bluff, and appellant was thereby prohibited from carrying on its business as a liquor dealer, by operation of law, it desired to exercise the option given it in said lease to terminate the same, and notified appellee that it would surrender the possession of the premises on the 1st day of March, 1914, and prior to that date appellant moved its fixtures and other property from the said building and notified appellee that it had done so, and surrendered possession of the premises to appellant. Appellant has not at any time since used or occupied said premises for any purpose.

Appellee states the issue in this case in the following language: ''The pivotal and sole question in this case is a proper construction of a clause in the contract of lease reading as follows: 'It is further understood and agreed by the parties that in case the prohibition of the sale of liquor in Jefferson County, or in the city of Pine Bluff, should be established and said lessee prohib-

ited from carrying on its business as wholesale and retail liquor dealer in said building, by operation of law, then, at the option of the lessee and upon written notice given by it, this lease shall terminate and be at an end.' "

A demurrer was interposed and sustained to this answer, and, appellant declining to plead further, judgment was rendered against it for the amount of the notes sued upon, and this appeal has been duly prosecuted.

*Coleman & Gantt,* for appellant.

1.    At all times from the 1st of January to the 6th of April, 1914, it was unlawful to conduct a liquor business in Jefferson County. Appellant was, therefore, prevented by operation of law from using the leased premises for the purpose for which they were leased. Being so prohibited from using the premises, it had the right, at the time it exercised the option, to terminate the lease. See statutes embracd in chapter 103, Kirby's Digest, and amendments thereto; Act No. 59, Acts 1913.

A lease is to be construed according to the intention of the parties as gathered from the whole instrument, and in case of doubt or uncertainty it should be construed most strongly in favor of the lessee. 24 Cyc. 914, 915.

2.    If the terms of the lease had not been sufficient in themselves to justify appellant in terminating the lease, the passage of the Going Act was such a change in the law on the subject of selling intoxicating liquors as to terminate the contract. 2 Elliott on Contracts § 685; 3 *Id.,* § 1901; 9 Cyc. 629-631; 10 L. R. A. (N. S.) 414; *Id.* 415, note; 113 S. W. (Tenn.) 364; 60 So. 876-878; 123 N. W. 24.

*Taylor, Jones & Taylor,* for appellee.

1.    Delay in the grant of license for a period of time reasonably necessary for the court to determine whether it had the right to grant license, did not authorize a termination of the lease.

The option to terminate the lease is given only "in case the prohibition of the sale of liquor * * * should be *established,* and the said lessee prohibited from carrying on its business, etc., by operation of law," making it plain

that the parties understood that no option could be exercised until the question whether or not the sale of liquor in the city of Pine Bluff during the year should be *established,* determined, decided.

2.   If appellant had any right at all to exercise its option to terminate the lease, that right arose on the 1st of January, 1914, for then, according to apellant's contention, it became unlawful to sell liquor in Pine Bluff; and having failed to exercise that right when it arose, it waived it and elected to continue the lease.   71 Ark. 251; 29 L. R. A. (N. S.) 175, and note.

SMITH, J., (after stating the facts).   At the time of the execution of the lease herein sued on, the law in regard to the sale of intoxicating liquors was that intoxicating liquors could not be lawfully sold unless both the county and the township, or ward, in which it was desired to sell liquors had voted "For License" at the preceding general biennial election.   Subsequent to the execution of this contract, an act was passed by the General Assembly of this State and approved February 17, 1913, Act 59, page 180, Acts 1913, commonly known as the Going Act, by which it was provided that it should be unlawful for any court, town or city council, or any officer thereof, to issue a license or permit, or any other authority to sell alcoholic or other intoxicating liquors unless a majority of the adult white inhabitants living within the incorporated limits of any incorporated town or city shall have signed a petition to the county court asking that license for the sale of intoxicating liquors be issued for that town or city.   Intoxicating liquors could not, therefore, be sold in the city of Pine Bluff until the Going Act had been complied with, and the order of the court ascertaining that this act had been complied with was not made until the 6th day of April, 1914.   Consequently, it was unlawful to sell liquors in said city during the year 1914 prior to the 6th day of April of that year.   Until the Going Act had been complied with liquor could not be lawfully sold in said city, and its sale was prohibited.   Appellant could not have conducted the business for which

it leased appellee's building without violating the law, and each and every sale of intoxicating liquors which it might have made prior to April 6, in that year, would have constituted a violation of the law and subjected it and its employees and servants to the fines and penalties prescribed by the statute. The condition, therefore, had arisen against which appellant had contracted. It having become unlawful to sell liquor, appellant had the right to exercise the option of cancelling the lease.

The judgment of the court below is, therefore, reversed and the cause will be remanded with directions to overule the demurrer to the answer.