## DAVID DAVIS v. WALTER GODART AND ANOTHER.[1]

November 26, 1915.

Nos. 19,495—(107).

**Vendor and purchaser — construction of time clause in contract.**

1. In a contract for the sale of lands providing, that if the vendee "desires to relinquish the land at the end of one year from the date of this contract," the vendor will return him the purchase money paid with interest, the vendee has a reasonable time after the expiration of the year in which to offer back the land and receive his money.

**Same — reasonable time.**

2. What is a reasonable time is usually a question of fact; and, in this case, the contract being dated October 4, 1912, it cannot be said as a matter of law that an offer to relinquish and a demand of the purchase money made on October 16, 1913, were not made within a reasonable time.

Action in the district court for Ramsey county to recover $6,200 paid by plaintiff on account of the purchase of land. The case was tried before Brill, J., who granted defendants' motion to dismiss the action on the ground that the complaint did not state a cause of action. From an order denying his motion for a new trial, plaintiff appealed. Reversed.

*Harris Richardson* and *Walter Richardson,* for appellant.

*Allen & Straight* and *Morphy, Bradford & Cummins,* for respondents.

PER CURIAM.

Action by the plaintiff to recover of the defendants upon a provision in a contract for the sale of lands, whereby they agreed to return to him the purchase price paid by him at his option at the end of one year from the date of the contract. The court sustained defendants' objection to the introduction of any testimony under the complaint and dismissed the action. Plaintiff moved for a new trial and his motion was denied. From the order denying it he appeals.

[1] Reported in 154 N. W. 1091.

1. Under date of October 4, 1912, the defendants as vendors and the plaintiff as vendee entered into a contract for the sale of 636 acres of land in the Saskatchewan country for $19,080, on which the plaintiff paid $6,200. The contract, which was dated October 4, 1912, contained this agreement:

"It is hereby agreed by the Godart Land Company that if purchaser * * * desires to relinquish the land at the end of one year from the date of this contract, the amount paid thereon by the purchaser will be returned to him with interest on the same at six per cent."

On October 16, 1913, the plaintiff notified the defendants that he desired to relinquish the land pursuant to the terms of the contract. The defendants refused to pay him the sum agreed. The appellant construes the contract as not requiring the option to be exercised within or at the end of one year from its date, but that the word "at" as used therein permits its exercise later, and that it is used in the sense of "after," and, in short, that the plaintiff could exercise his option within a reasonable time after October 4, 1913.

Appellant's contention is supported by authorities. In Rogers v. Burr, 97 Ga. 10, 25 S. E. 339, it was held that an agreement that if the buyer of corporate stock "at the expiration of said three years" desired not to keep it, the defendants, the sellers, would pay him par value for it, gave the buyer a reasonable time after the three years in which to make his election. The election could not be made before the expiration of the three years and having this in mind the court said that "as the election could be made after the expiration of the time limited, of course a reasonable time was allowable for this purpose." In La Dow v. Bement & Sons, 119 Mich. 685, 79 N. W. 1048, 45 L.R.A. 479, a contract to repurchase corporate stock from the plaintiff "at the end of two years" was held to give the plaintiff a reasonable time after the expiration of two years within which to exercise his option and make the repurchase. In Maier v. Rebstock, 92 App. Div. 587, 87 N. Y. Supp. 85, where the plaintiff bought land under an agreement that, if he could not sell it at an advance "at the end of three (3) years" the defendant would take back the land and refund the purchase money with interest at six per cent, it was held that he had a reasonable time after the expiration of three years in which to exercise his option. Where

a contract for the purchase of mining claims provided that, if at the end of three years the purchaser should be dissatisfied, the vendor would return the purchase money, it was held that notice of dissatisfaction must be given within a reasonable time after the expiration of three years. McDougall v. O'Connell, 72 Wash. 349, 130 Pac. 362, 131 Pac. 204. Where a lease provides that the lessee may, at the end of his lease, enter and remove property, the construction is practically universal that he has the right so to enter for a reasonable time after the expiration of the year. Smith v. Park, 31 Minn. 70, 16 N. W. 490. This of course is not directly in point but it is suggestive of the general trend of the cases. Other cases might be cited bearing indirectly on the particular point here involved. We have cited enough to show the law as we understand it to be. Under provisions such as the one contained in the contract, we hold the law to be that the party having the option has a reasonable time after the expiration of the year in which to give back the property and demand the money paid. We adopt the rule of the Georgia case, which is in harmony with our own decision (Smith v. Park, supra), and hold that there could have been no exercise of the option prior to midnight of October 4, 1913; that it could not have been made on the last moment of that day; that there was necessarily the right to exercise it after the expiration of the year; that the word "at" therefore meant "after," and since the election might have been made after, it might be made within a reasonable time after. There are respectable authorities to the contrary, but the logic of the situation compels the result which we reach.

2. In this case the plaintiff did not demand the return of his money until October 16, 1913. Whether this was within a reasonable time cannot be determined from the complaint. When the evidence is in, it may be a question of fact for the jury or the question may resolve itself into one for the court. We cannot say as a matter of law that the plaintiff did not make his offer within a reasonable time.

Order reversed.

HALLAM, J. (dissenting).

I dissent.

My opinion is that "the end of one year from the date" is a fixed

time, not an uncertain time to be fixed by a jury, and that, when a contract requires an act to be done "at the end of one year from the date," it means, just as it says, that the act must be done at the end of the year, and not at some indefinite time after the end of the year. If a note or contract should provide for the payment of money "at the end of one year from date," the money would without doubt be due on the last day of the year. An option to be exercised at the end of the year must likewise be exercised on the day on which the year expires, or not at all. Magoffin v. Holt, 62 Ky. 95; Taylor v. Blair, 59 Hun, 347, 13 N. Y. Supp. 154; Lester v. Jewett, 11 N. Y. 453; Tilton v. Sterling Coal & Coke Co. 28 Utah, 173, 77 Pac. 758, 107 Am. St. 689, sustain this construction. I am aware that there are decisions to the contrary, but those here cited seem to be more consonant with construction of language according to its natural meaning.

HOLT, J. (dissenting.)

In my opinion the trial judge was right when, in construing the option phrase "at the end of one year from the date of this contract," he said: "My judgment is, when it says it must be exercised at the end of the year, it means during the day following the expiration of the year."