CITIZENS BANK BUILDING *v.* L. & E. WERT-
HEIMER, INC.

Opinion delivered November 6, 1916.

1. LEASES—RESERVATION OF RIGHT TO CANCEL UPON HAPPENING OF CONDITION.—Defendant leased premises from plaintiff to be used for the sale of intoxicating liquors, the lease providing that in the event prohibition was established in the county in which the premises were, then at the option of the lessee, and upon written notice given by it, that the lease should terminate and be at an end. *Held,* where defendant desired to exercise this option after Act 59, p. 180, Acts of 1913, went into operation Jan. 1, 1914, that he would be required to do so within a reasonable time, and that where he did exercise the option and notified the lessor on or about Feb. 18, 1914, that it would be held that he had exercised the option in apt time.

2. LEASES—TERMINATION—VERBAL NOTICE.—Where a lease provides that it might be terminated by the lessee, upon his giving written notice thereof, verbal notice will be held sufficient, when the lessor by his words and conduct led the lessee to believe that the formality of a written notice was waived.

Appeal from Jefferson Circuit Court; *Antonio B. Grace*, Judge; affirmed.

*Taylor, Jones & Taylor* for appellant.

Instruction No. 2 asked by appellant should have been given.

Prohibition was established on January 1, 1914. 117 Ark. 50, and appellee's right to cancel the lease arose on that date. Notice of an intention to terminate the lease should have been given before that date, as appellee knew that the contingency was bound to happen at that time. Certainly notice should have been given within a reasonable time thereafter and 30 days was beyond question a reasonable time. The lease provides that "when the event shall occur *then* at the option of the lessee, and upon written notice given by it, this lease shall terminate." In order to avail himself of the privilege of terminating the lease there must have been a strict compliance with the terms thereof. 24 Cyc. 1339-1340. No notice to terminate was given till after February 1, a lapse of more than thirty days, and appellee must be held to have elected to continue the lease. 71 Ark. 255; 61 *Id.* 377; 29 L. R. A. (N. S.) 174 and note.

There was no written notice of an intention to quit and no waiver of such written notice on the part of appellant and instruction No. 1 should have been given.

Instructions 1 for defendant and 4 for plaintiff are in conflict and are misleading to the jury. 43 N. E. 114; 137 Mass. 13; 7 Neb. 73; 13 N. Y. Supp. 650.

*Coleman & Gantt* for appellees.

Appellees had the right to cancel the lease as the condition had arisen against which they had contracted.   117 Ark. 50.

The notice was sufficient.   Written notice was waived by the acts of appellant.   70 Ark. 401; 88 Ark. 138; 179 S. W. 369.   The oral notice not having been questioned, nor written notice demanded, appellant is estopped to claim that notice was not given in accordance with the terms of the contract.   113 Mass. 531; 32 Atl. 64; 24 Cyc. 1336.

There is no conflict between instructions 1 and 4.

The lease was terminated by operation of law and notice was not necessary, the business for which the building was leased having become an unlawful one. 3 Elliott on Contracts, Sec. 1901; 66 Atl. 212; 123 N. W. 24; 60 So. 876; 118 Ark. 239; 134 S. W. 364.

McCULLOCH, C. J.   Appellee rented a store room from appellant for a term of five years, beginning January 1, 1911, to use in the operation of a wholesale and retail liquor business.   The contract provided for monthly payments of rent, and also contained the following clause:   "It is further understood and agreed between the parties that in case the prohibition of the sale of liquor in Jefferson County or in the city of Pine Bluff should be established and the said lessee prohibited from carrying on its business as wholesale and retail liquor dealers in said building by operation of law, then at the option of the lessee and upon written notice given by it, this lease shall terminate and be at an end."

Appellee moved out of the building on March 1, 1914; and paid the rent up to that date, having given verbal notice a short time before of intention to terminate the lease.

This is an action instituted by appellant to recover on the notes for monthly payments of rent accruing subsequent to the removal of appellee from the building.   Appellee filed an answer, alleging in substance that on January 1, 1914, when the Act of February 17,

1913 (p. 180), went into effect, prohibiting the issuance of license to sell intoxicating liquors unless a majority of the adult white inhabitants within the incorporated limits of the town or city should file a petition asking therefor, that a petition in conformity with the statute was filed with the county court, but was withdrawn on February 18 without being passed on by the county court, and that a second petition was filed on February 28, 1914, and the prayer thereof was granted on April 6, 1914, and that on or about the first of February, 1914, appellee elected to terminate the said lease and gave notice to appellant to that effect.   The court sustained a demurrer to the answer, and on appeal to this court it was held that the answer stated a good defense and the judgment was reversed and the cause remanded with directions to overrule the demurrer. 117 Ark. 50.

In disposing of the case this court said: "Appellant could not have conducted the business for which it leased appellee's building without violating the law, and each and every sale of intoxicating liquors which it might have made prior to April 6, in that year, would have constituted a violation of the law and subjected it and its employees and servants to the fines and penalties prescribed by the statute.   The condition, therefore, had arisen against which appellant had contracted.   It having become unlawful to sell liquor, appellant had the right to exercise the option of cancelling the lease."

On the remand of the cause, there was a trial before a jury which resulted in a verdict in favor of appellee.   The evidence adduced on the part of appellee tended to show that during the first half of the month of February, 1914, the president of appellant corporation was verbally notified by agents of appellee that the latter had elected to terminate the lease and would remove from the building on March 1, succeeding, and that the president when so notified made no request for a written notice and said nothing about a

written notice being given. Mr. Speers, the president of the appellant corporation, testified that the latter part of February Mr. Hanf, the manager of appellee's business, came to him and spoke about cancelling the lease but did not say that he was going to cancel it but merely said that he wanted to do so, and that he (witness) replied that he would expect appellee to comply with the contract.

(1)  One of the chief grounds urged for reversal is the ruling of the court in refusing to give the following instruction: "2.  The lease introduced in evidence provides that in case the prohibition of the sale of liquor in Jefferson county or in the city of Pine Bluff should be established and said lessee prohibited from carrying on its business of wholesale and retail liquor dealers in said building by operation of law, then, at the option of the lessee, and upon written notice given by it, this lease shall terminate and be at an end.  The General Assembly of the State of Arkansas, on the 17th day of February, 1913, passed the act known as the Going Law, and this act became effective on the 1st day of January, 1914, and by the terms of that law it became unlawful for defendants to sell intoxicating liquors in the city of Pine Bluff from the beginning of that day until the terms of the law should be complied with and license issued by the Jefferson County Court, which was done according to a decision of that court, on the 6th day of April, 1914.  Accordingly, on the 1st day of January, 1914, the contingency arose which, under the terms of the lease, permitted the lessee, or defendant, to exercise its option and cancel and determine the lease, if it so desired, and the lessee was bound to exercise this option on the 1st day of January, 1914, or within a reasonable time thereafter, and a failure on the part of the lessee to exercise its option in the manner provided for in the lease on the 1st day of January, 1914, or within a reasonable time thereafter, would constitute a waiver of its option and an election by the lessee to hold for the remainder

of the term of the lease. What period of time would constitute a reasonable time is a matter to be determined by you under all the circumstances of the case, and may be defined generally to be so much time as is necessary under the circumstances for a reasonably prudent and diligent man to do, conveniently, what the contract or duty requires should be done, having a regard for the rights and possibility of loss, if any, to the other party to be affected. Unless you find, therefore, from a preponderance of the testimony, that defendant did, on the 1st day of January, 1914, or within a reasonable time thereafter, exercise its option to cancel and terminate the lease contract by giving notice to plaintiff, then you will find for plaintiff in the sum claimed.''

We are of the opinion that the instruction just quoted embodies a correct statement of the law. The former decision of this court, which has become the law of the case, declares that at the time the verbal notice was alleged to have been given prohibition had been "established" within the meaning of the contract, and that appellee had the right to terminate the lease. The question of the time when the notice should be given was not passed on in the opinion delivered in that case. Now, taking the law as established by that decision, we think that while appellee had the right to terminate the lease under the conditions then existing, the right was not a continuing one but must have been exercised at the time the new conditions arose, or within a reasonable time thereafter. If the facts had justified it, we think appellant would have been entitled to an instruction submitting to the jury the question whether or not the notice was given within a reasonable time.

But after mature consideration we have reached the conclusion that under the undisputed testimony in the case the time was reasonable and the facts did not call for a submission of that issue to the jury. Prohibition existed in Pine Bluff, under the undisputed proof, on and after January 1, 1914, but it appears from

the proof that on that day a petition of adult inhabitants of the city was presented to the county court asking for the issuance of license. That petition was not acted on finally by the county court, but was withdrawn on February 18, and ten daysthereafter the new petition was filed. About that time—the precise date is not given—appellee made an election to terminate the lease, and gave verbal notice accordingly. There was a dispute whether such notice was given at all, but we must treat that issue as being settled in appellee's favor. Under the circumstances, we think that the notice, if given at all, was a timely one, and that, as before stated, the proof did not call for a submission of that issue to the jury. Appellee had the right to wait a reasonable length of time to ascertain whether or not there was any probability of license being granted, so that it could continue its business, and it could not in any view of this evidence be said that waiting until the middle or latter part of February, with the petition for license pending, was an unreasonable length of time to wait before making the election to cancel the lease.

There are assignments of error with respect to the rulings of the court in giving and refusing instructions on the subject of the giving of notice. The court gave the following instruction on the request of appellant: "4. The parties have stipulated in their contract of lease for a written notice of the intention of lessee to terminate the lease upon the happening of the contingency named therein and a bare acquiescence or silence on the part of plaintiff, or lessor, when informed orally by defendant of its intentions to cancel the lease and surrender the premises, even though you believe that defendant did inform plaintiff of its intention to terminate said lease, would not constitute a waiver of the written notice provided for in the lease." This instruction was, we think, more favorable to appellant than it was entitled to, and that there was

no error in refusing to give the other instruction on the same subject.

(2) The court, on the request of the appellee, gave the following instruction: "1. While the written lease between plaintiff and defendant provides that the defendant might at its option terminate the lease in the event that prohibition should be established in the city of Pine Bluff, upon written notice given by it to the plaintiff, the informality of a verbal notice could be waived by the plaintiff by its acceptance or acquiescence therein. If you find from the evidence that defendant by its agents gave verbal notice to the plaintiff that it terminated the lease on and after March 1, 1914, under the terms of the option contained in the lease by so stating to the president of the plaintiff company who executed the lease on behalf of plaintiff, and that plaintiff, through its president, knowing that the notice was intended to terminate the tenancy on and after March 1, 1914, made no objection to the form of the notice and that it was not in writing and by his words and conduct led the defendant reasonably and properly to understand that the informality of the verbal notice was waived and that lessee did so understand it, then this was such acquiescence on the part of plaintiff that it cannot now object that the notice was insufficient."

It is contended that this instruction is erroneous and in conflict with the one given at appellant's request. We do not think the instructions are necessarily conflicting. But, at any rate, the instruction last quoted correctly states the law applicable to the case and there was no error in giving it. The doctrine stated in that instruction is one which has received the approval of this court in numerous cases. *St. L., I. M. & S. R. Co.* v. *Nunley*, 120 Ark. 268.

This disposes of all the attacks upon the trial court's rulings, and no error being found the judgment must be affirmed, and it is so ordered.