## DAVID DAVIS v. WALTER GODART AND ANOTHER.[1]

### December 13, 1918.

### No. 21,018.

**Vendor and purchaser — construction of option clause — reasonable time.**

1. An agreement by plaintiff to purchase land, with a provision that, if the purchaser desires to relinquish the land at the end of one year from the date of the contract, the amount paid thereon will be returned to him, affords plaintiff a reasonable time after the expiration of the year in which to exercise the option.

**Same — question for the jury.**

2. Under the circumstances disclosed by the evidence, the question of what constituted a reasonable time was a question of fact for the jury.

After the former appeal, reported in 131 Minn. 221, 154 N. W. 1091, the case was tried before Hanft, J., who at the clase of the testimony granted defendants' motion for a directed verdict. From the judgment entered pursuant to the verdict, plaintiff appealed. Reversed.

*Harris Richardson, Walter Richardson* and *Charles N. Brown,* for appellant.

*Allen & Straight* and *Morphy, Bradford & Cummins,* for respondents.

QUINN, J.

Action to recover the sum of $6,200 paid by plaintiff to defendants under a contract for the sale of 636 acres of land in the Saskatchewan region. At the close of plaintiff's case defendants rested and requested the court to direct a verdict in their favor, which was granted. From a judgment entered thereon plaintiff appealed.

It appears that the plaintiff resided near Madison in the state of Wisconsin. In September, 1912, he came to St. Paul and went with

[1]Reported in 169 N. W. 711.

the defendants on an excursion into Canada looking for land. Thereafter he signed an earnest money contract dated October 4, 1912, with defendants, for the purchase of the land referred to, which called for the execution of a final contract. Accordingly thereafter the defendants prepared a contract in duplicate and forwarded it to the plaintiff's bank in Wisconsin for execution. On account of some omissions, the correction of which required some little time, the plaintiff did not sign the same until about October 24, 1912. This contract bore the same date as the earnest money contract and contained the following provision: "It is hereby agreed  *  *  *  that if purchaser  *  *  *  desires to relinquish the land at the end of one year from the date of this contract, the amount paid thereon by the purchaser will be returned to him with interest on the same at six per cent." This clause was considered by this court upon a former appeal, 131 Minn. 221, 154 N. W. 1091, and was construed as not requiring the option to be exercised within or at the end of one year from its date; that the word "at" as used therein meant "after," and since the election might have been made after, it would be sufficient if made within a reasonable time after the expiration of the year.

Plaintiff was absent from his home state from the first until the fourth day of October, 1913. He arrived in St. Paul on the morning of October 16, when he received the contract in question which reached St. Paul on the sixth of October by registered mail. On the same day, October 16, he left a letter with the clerk in defendants' office, notifying them that he wished to relinquish the land. October 20, defendants, by letter, acknowledged receipt of the plaintiff's letter of the sixteenth stating that the right to relinquish had expired October 4 and that plaintiff had forfeited that right. The trial court refused to allow plaintiff to show how long he had been absent from home at the time he arrived in St. Paul, and the attendant circumstances, or how the contract came to be mailed to him at St. Paul.

The law of the case was settled upon the former appeal. Under that decision it was unnecessary for plaintiff to take any action until the expiration of the year. He then had a reasonable time, under the circumstances of the case, in which to exercise the option. Plaintiff resided in the state of Wisconsin, the defendants in the city of St. Paul.

The land is in Saskatchewan. The parties spent but a few hours in that vicinity while viewing the premises in September, 1912. Plaintiff left his home four days prior to the expiration of the year; he was outside of his state. The contract was forwarded by registered mail to St. Paul where it arrived on the sixth. He did not reach St. Paul until the sixteenth; why, does not appear. What would be a reasonable time after the expiration of the year, under the circumstances, was a question of fact. He was not necessarily compelled to exercise the option on the first business day following the expiration. The contract does not so provide. To so hold would be to establish an arbitrary rule. It would be tantamount to holding that no excuse whatever could be given for not exercising the option during that day. If the plaintiff was endeavoring to exercise the option after leaving his home on October first, and was unavoidably prevented from so doing, we think he should have been permitted to show the fact. It does not appear that there was any change in the value of the land, or that the defendants would be in any way injured. The contract and circumstances, we think, were such as to render the question of what was a reasonable time one of fact for the jury. La Dow v. E. Bement & Sons, 119 Mich. 685, 79 N. W. 1048, 45 L.R.A. 479; Rogers v. Burr, 97 Ga. 10, 25 S. E. 339. The statement found in Matson v. Bauman, 139 Minn. 296, 300, 166 N. W. 343, to the effect that we held on the former appeal in this case that a year was not an unreasonable time was not strictly correct. It was not so decided.

The judgment is reversed and a new trial granted.