## DAVID DAVIS v. WALTER GODART AND ANOTHER.[1]

### December 17, 1920.

### No. 21,965.

**Rescission of contract—reasonable time.**

1. Plaintiff contracted for the purchase of a section of land, but reserved the right to rescind the contract at the end of one year and reclaim the money paid. Twelve days after the expiration of the year, he gave notice of his election to rescind. The jury found that the notice was given within a reasonable time. *Held* that the evidence justified the finding.

**Definition of reasonable time.**

2. Reasonable time may be defined generally to be so much time as is necessary for a reasonably prudent and diligent man to do conveniently what the contract or duty requires should be done, having regard for the rights and possibility of loss, if any, to the other party affected.

**Charge to jury.**

3. The charge was sufficiently favorable to the defendants.

After the second appeal reported in 141 Minn. 203, 169 N. W. 711, the case was tried before Olin B. Lewis, J., and a jury which returned a verdict for $8,921. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

*Allen & Straight* and *Morphy, Bradford & Cummins,* for appellants.
*Harris Richardson* and *Charles N. Brown,* for respondent.

[1]Reported in 180 N. W. 239.

TAYLOR, C.

This is the third appeal in this case. Plaintiff entered into a contract with defendants for the purchase of a section of land in the province of Saskatchewan in the Dominion of Canada and made the initial payment of $6,200. The remaining payments were to be made in annual instalments. The contract, which was dated on October 4, 1912, but was not executed by plaintiff until October 24 or later, contained this provision:

"It is hereby agreed by the Godart Land Company that if purchaser * * * desires to relinquish the land at the end of one year from date of this contract, the amount paid thereon by purchaser will be returned to him with interest on same at six per cent."

Plaintiff is a farmer well along in years residing at Sun Prairie in the state of Wisconsin; defendants are dealers in real estate residing in the city of St. Paul in this state. On October 16, 1913, plaintiff took his contract to the office of defendants and demanded the return of his money. Defendants refused to return it on the ground that the time within which he could exercise his option had expired. He then brought this suit to recover the amount paid. At the first trial the court sustained an objection to the introduction of any evidence under the complaint and dismissed the suit. On appeal, this court held that plaintiff had a reasonable time after the expiration of the year in which to exercise his option, and that whether he had given notice of his election within such reasonable time could not be determined as a question of law from the complaint, and reversed the trial court. Davis v. Godart, 131 Minn. 221, 154 N. W. 1091. At the second trial, it appeared that plaintiff was absent from his home state during the first part of October, 1913, but the court refused to permit him to show the length of this absence or the attendant circumstances, and directed a verdict for defendants. On appeal this court held that "what would be a reasonable time after the expiration of the year, under the circumstances, was a question of fact" for the jury, and that plaintiff should have been permitted to show the facts pertaining to his absence, and again reversed the trial court. Davis v. Godart, 141 Minn. 203, 169 N. W. 711. At the third trial, the question as to whether plaintiff had exercised his

option within a reasonable time was submitted to a jury who found in his favor. Defendants made an alternative motion for judgment notwithstanding the verdict or for a new trial and appealed from an order denying their motion.

Defendants contend, in effect, that if plaintiff desired to exercise his option he was required to give notice of his election immediately after the expiration of the year, unless prevented from doing so by circumstances beyond his control; that he failed to prove an unavoidable delay, and therefore that the court should rule as a matter of law that his demand came too late. We cannot sustain this contention. Plaintiff had a reasonable time after the expiration of the year in which to give notice of his election and make his demand. Whether a party having an option has made his election within a reasonable time is a question for the jury if different minds might draw different conclusions from the facts. Krause v. Union Match Co. 142 Minn. 24, 170 N. W. 848. The delay in this case was only 12 days. That a much greater delay is not necessarily to be deemed unreasonable as a matter of law, see the cases cited in the two former decisions, also Citizens Bank Building v. L. & E. Wertheimer, Inc. 126 Ark. 38, 189 S. W. 361, Ann. Cas. 1917E, 520. Defendants failed to show that they had suffered any loss by reason of the delay. Plaintiff was visiting his son in the state of Washington and remained with his daughter-in-law taking care of the stock and milking the cows during an absence of the son from home. The son did not return as soon as expected and plaintiff delayed his departure because he was unwilling to leave his daughter-in-law alone on the place as she had two small children and was unable to take care of the stock. He had not taken the contract with him and wrote from Washington to Sun Prairie to have it forwarded to him at St. Paul. He started on his return October 12, 1913, and arrived in St. Paul at midnight October 15. The next morning he procured the contract and made his demand on defendants. We think the jury were justified in finding that it was made within a reasonable time.

Defendants also complain of the charge and of the failure of the court to give their requests in full in the form in which they were presented.

Defendants' requests seem to center around the idea that it was necessary for plaintiff to give notice of his election to rescind immediately after the expiration of the year from October 4, 1912, unless prevented from doing so by circumstances beyond his control. The court, without always using the exact language of the requests, gave the more important parts of some of them. The court told the jury:

"The date for the demand of the money is fixed, not by the date the contract was signed or delivered, but by the date, October 4, 1912, written in the contract. A belief, if any, of the plaintiff to the contrary, arising from the date he signed the contract or arising from the date he delivered the contract, would not excuse plaintiff from his obligation to give notice of his desire to exercise this option within a reasonable time after the expiration of one year after October 4, 1912. * * *

"That a reasonable excuse for the delay could consist only of circumstances beyond the plaintiff's control in the exercise of reasonable diligence which necessarily and unavoidably caused the delay. * * *

"That if the plaintiff's failure to relinquish the land at the time fixed by the contract was due solely to his own volition, independent of any other causes, then the plaintiff could not recover."

The sole issue for the jury to determine was whether plaintiff had made his election within a reasonable time after the expiration of the year.

"Reasonable time * * * may be defined generally to be so much time as is necessary * * * for a reasonably prudent and diligent man to do, conveniently, what the contract or duty requires should be done, having a regard for the rights and possibility of loss, if any, to the other party to be affected." Citizens Bank Building v. L. & E. Wertheimer, Inc., 126 Ark. 38, 189 S. W. 361, Ann. Cas. 1917E, 520.

We think the above is a fair statement of the general rule which governs in such cases as this. We may note in passing that in the case from which we quote a notice given more than six weeks after the happening of an event which entitled a lessee, at his option, to terminate a lease was held as a matter of law to have been given within a reasonable time.

Taking the rule above stated as a guide, we are of opinion that the

charge was sufficiently favorable to defendants, and that they have no substantial ground for complaint.

Order affirmed.