## Reid v. Wilder, et al.

(Decided June 20, 1924.)

## Appeal from Woodford Circuit Court.

1. Contracts—Mere Delay in Performance Does Not Furnish Ground for Rescission.—Mere delay in performance by one party does not furnish ground for rescission to other party, unless time is of essence of contract.

2. Life Estates—Time Held Not of Essence of Contract.—Time was not of essence of contract of life tenant "to as soon as practicable hereafter institute proceedings, . . . and diligently and in good faith prosecute the same to completion," in order that there might be a valid judicial sale at which promisees agreed to appear and bid.

3. Life Estates—Right to Rescind Contract Held Waived by Delay.—Delay of life tenant in obtaining judicial sale of land at which promisees agreed to bid did not of itself annul contract, and promisees still had right to insist upon performance, and if they elected to rescind it was necessary for them to do so promptly and effectively, and must have given reasonable notice of election to rescind, in order that life tenant might consent thereto, and save herself from loss of falling market, and must have rescinded entire agreement, and for having failed to do so must be held to have waived right to rescission.

4. Life Estates—Cancellation of Contract Held Abuse of Discretion.—Cancellation of contract on application by persons agreeing to bid at judicial sale to be brought about by life tenant held an abuse of discretion.

5. Cancellation of Instruments—Contract to be Canceled Only where Equitable Right is Clearly Manifested.—Cancellation of a con-

tract is justifiable only where, on equitable principles, right thereto is clearly manifested.

ROBT. G. GORDON, E. M. WALLACE and BRUCE, BULLITT & GORDON for appellant.

EDELEN & McLEOD for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

The appellant, Mrs. Reid, owned the life estate, and her infant children the remainder, in 118¾ acres of land in Woodford county. On June 29, 1920, she entered into a written contract with appellees, S. R. and R. F. Wilder, whereby she agreed "to as soon as practicable hereafter, institute proceedings in the Woodford circuit court and diligently and in good faith prosecute the same to completion," in order that there might be a valid judicial sale of the above farm, at which appellees agreed to appear and bid $290.00 per acre.

Pursuant to the further provisions of the contract, appellees paid Mrs. Reid $6,765.75 to be credited upon the purchase price if they became the purchasers, to be refunded to them if some one else became the purchaser at a price in excess of $290.00 an acre, and to be retained by Mrs. Reid as liquidated damages if appellees failed to appear and bid $290.00 per acre.

Appellees at the time were tenants on the land, but the contract gave them possession of the entire farm and the landlord's interest in all growing crops, and bound them to pay the taxes for 1920 and thereafter "if they are the purchasers at such sale."

Although there was a term of the Woodford circuit court in October, 1920, Mrs. Reid did not institute proceedings to sell the land until February 3, 1921, or procure an order of sale until March 2, 1921.

On February 7, 1921, or just four days after she instituted that suit, and solely because of her delay in filing same, appellees filed this action to rescind the contract, and from a judgment granting them that relief, she has appealed.

It is well settled that mere delay in performance by one party does not furnish ground for rescission to the other party, unless time is of the essence of the contract. Magoffin v. Holt, 1 Duv. 95; 13 C. J. 613; 6 R. C. L. 928. As much is conceded by counsel for appellees, but they insist time was of the essence of this contract. We do not so regard it, but we shall not discuss that question,

since even if such be assumed to have been the case, plaintiffs very clearly waived the right to rescind because of the delay, and thereafter ratified the contract.

Mrs. Reid's delay of course did not of itself annul the contract. Appellees still had the right to insist upon its performance, and her delay at most but gave them the right to elect which course they would pursue. If they elected to rescind, they must have done so promptly and effectively, and acted accordingly thereafter, and they must have repudiated the whole contract. They could not rescind in part, and recognize its validity in other respects; and they must have given Mrs. Reid reasonable notice of their election to rescind, in order that she might consent thereto and save herself from further avoidable loss. These principles are thoroughly established. Culton v. Asher, 149 Ky. 659, 149 S. W. 946; Fletcher v. Wireman, 152 Ky. 565, 153 S. W. 982; Troy Carriage Sun Shade Co. v. F. A. Ames Co., 201 Ky. 193, 256 S. W. 27; Grymes v. Sanders, 93 U. S. 55, 6 R. C. L. 932, 9 C. J. 1198, and note on "Waiver of Purchaser's Right to Rescind Contract for Purchase of Real Property," 30 L. R. A. (N. S.) 872.

Appellees admit that they knew on November 22, 1920, that Mrs. Reid had not then filed suit for an order of sale, and as she procured such an order at the next succeeding term of court, there was no material delay after that date. Hence appellees, being in full possession of all of the facts, were then bound either to rescind or abide the contract in its entirety, and to give Mrs. Reid notice within a reasonable time if they elected to rescind.

They were in full possession of the farm, not as tenants merely but as tentative owners; they were seeding, or had already seeded the land; they were gathering the crops, and building a corn crib; they paid the taxes for 1920 on November 24, 1920, which they agreed "if they were the purchasers at such sale," with full knowledge of the delay of which they now complain, and knowing, too, that a sale could not be made sooner than in March and as was done; land prices were getting lower every day; they said not a word to Mrs. Reid of any intention to rescind, and the very first notice she had thereof was when she was notified of this action filed in February, 1921, and after she had employed attorneys and begun suit for a sale, and after appellees admit the "bottom dropped out" of the market for farm lands.

According to their own admission, if they had notified Mrs. Reid of their purpose to rescind at any time in November, she possibly might have been able to make another contract to stop her loss. Under such circumstances we think it is clear their failure to give notice sooner was unreasonable, and of itself defeats their right to rescind. Then, again, their payment of the taxes, which admits of no other interpretation than an election to abide the contract with knowledge of Mrs. Reid's failure promptly to perform, is another fact that of itself would seem to be sufficient to defeat the right to rescind.

But even if we might be mistaken as to the effect attributable to these two facts considered alone, we are sure there is no escape from the conclusion that upon a consideration of all the facts and circumstances the court abused a sound discretion in cancelling this contract, a course justifiable only where, upon equitable principles, the right thereto is clearly manifested.

2. Mrs. Reid, by her counterclaim, did not seek to enforce specific performance of the contract, and we need not therefore discuss her right thereto. She did, however, allege a breach by appellees of their agreement to appear and bid at a judicial sale in March, 1921, which she procured, and asked that she be allowed to retain the cash payment as liquidated damages, and for $1,230.84 additional damages.

Her right to these, or any item of damages, was put in issue by the reply, but as the contract was rescinded, the issue of damages was never reached or tried.

Wherefore the judgment is reversed, and the cause remanded with directions to dismiss the petition, and for trial of the counterclaim.